**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KENNETH FERENCE, | **ELECTRONICALLY FILED** |
| Plaintiff, | No. 2:22-cv-797 |
| v. | JURY TRIAL DEMANDED |
| ROMAN CATHOLIC DIOCESE OF GREENSBURG, | |
| Defendant. | |

Magistrate Judge Maureen P. Kelly

### Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES

      Counsel for the parties and unrepresented parties shall confer regarding the matters identified herein and prepare a signed report in the following form to be filed at least 21 days before the Initial LCvR 16.1 Scheduling Conference or at such other time as ordered by the court. This report form may be downloaded from the Court's website as a word-processing document and the information filled in as requested on the downloaded form. The dates to be provided in the report are suggested dates and may be accepted or modified by the Court.

1.     **Identification of counsel and unrepresented parties**. Set forth the names, addresses, telephone and fax numbers and e-mail addresses of each unrepresented party and of each counsel and identify the parties whom such counsel represent:

Counsel for Plaintiff:

Nicholas W. Kennedy, Esquire
Quatrini Law Group
550 East Pittsburgh Street
Greensburg, PA 15601
Telephone: 724-221-3191
Fax: 724-837-1348
E-mail address: nwk@grlegal.com

Counsel for Defendant:

Bernard P. Matthews, Jr., Esquire
Alexander W. Brown, Esquire
Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C
40 North Pennsylvania Avenue, Suite 410
Greensburg, PA 15601
Telephone: 724-836-484
Fax: 824-836-0532
E-mail addresses: bmatthews@mdbbe.com
                      abrown@mdbbe.com

Phillip J. Murren, Esquire
Katherine M. Fitz-Patrick, Esquire
Ball, Murren & Connell, LLC
2303 Market Street
Camp Hill, PA 17011
Telephone: 717-232-8731
Fax: 717-232-2142
E-mail addresses: bmc-law2@msn.com
                      Fitz-patrick@bmc-law.net

Case 2:22-cv-00797-NR-MPK   Document 28   Filed 06/20/23   Page 2 of 9

2. **Set forth the general nature of the case** (patent, civil rights, anti-trust, class action, etc.): This is a Civil Rights action filed under Title VII.

3. **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:** June 6, 2023. All counsel identified under paragraph 1 above participated in the Rule 26(f) Conference.

4. **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court**: (Lead Trial Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference with their calendars in hand for the purpose of scheduling other pre-trial events and procedures, including a Post-Discovery Status Conference; Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference prepared to discuss the anticipated number of depositions and identities of potential deponents and the anticipated dates by which interrogatories, requests for production of documents and requests for admissions will be served): June 27, 2023.

5. **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed: Defendant previously filed a Rule 12 Motion.** No further Rule 12 Motions are anticipated unless Plaintiff amends the Complaint.

6. **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation:** Pursuant to Section 2.8 of the ADR Policies and Procedures of the United States District Court for the Western District of Pennsylvania, Defendant gives notice to Plaintiff and the Court that it does not intend to make any offer of settlement during any alternative dispute proceeding. Therefore, the parties do not believe that ADR is appropriate for this case.

7. **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court**: No changes are proposed.

8. **Subjects on which fact discovery may be needed**. (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein): The parties disagree regarding the subjects on which fact discovery may be needed. It is Plaintiff's position that fact discovery is necessary for those subjects related to Plaintiff's discrimination claim and Defendant's affirmative defenses, including, but not limited to, the following: Plaintiff's employment and termination, whether Aquinas Academy is a religious organization for purposes of Title VII's religious exemption, and comparative employment decisions made by Defendant regarding lay teachers. It is Defendant's position that based on Judge Ranjan's May 8, 2023 Order, and the Complaint and Answer which show the parties' agreement that Plaintiff was terminated because he was in a same sex marriage which indisputably violates the sincerely held tenets of the Catholic faith, Defendant contends that discovery should be limited to facts regarding the Title VII Religious Exemption and whether it applies to Aquinas Academy, including the ministerial exemption and the church autonomy doctrine. Defendant requests that the Court limit and

2

bifurcate discovery to these factual issues and then make a determination regarding Title VII's religious exemption via Defendant's Motion for Summary Judgment.

9. **Set forth suggested dates for the following** (The parties may elect by agreement to schedule a Post-Discovery Status Conference, as identified in Paragraph 12, below, at the conclusion of Fact-Discovery rather than at the conclusion of Expert Discovery. In that event, the parties should provide suggested dates only for the events identified in sub-paragraphs 9.a through 9.e, below. The parties shall provide such information even if dispositive motions pursuant to Fed. R. Civ. P. 12 have been or are anticipated to be filed. If there are dates on which the parties have been unable to agree, set forth the date each party proposes and a brief statement in support of each such party's proposed date. Attach to this report form a proposed Court Order setting forth all dates agreed to below and leaving a blank for the insertion of a date by the Court for any date not agreed to): The parties agree that the Court should conduct a post-discovery status conference after completion of fact discovery permitted by the Court.

   a. **Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:** July 11, 2023

   b. **Date by which any additional parties shall be joined:** July 11, 2023

   c. **Date by which the pleadings shall be amended:** July 11, 2023. In addition, once the administrative requirements have been exhausted, Plaintiff intends to amend the Complaint to include one additional count under the PHRA.

   d. **Date by which fact discovery should be completed:** November 24, 2023.

   e. **If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:** The parties disagree on whether discovery should be bifurcated and/or conducted in phases, or limited. Please see paragraph 8. The parties agree that the Court should conduct a post-discovery status conference after completion of fact discovery ordered by the Court.

   f. **Date by which plaintiff's expert reports should be filed:** The parties request that the Court conduct a post-fact discovery status conference during which expert discovery, if any, will be discussed and scheduled.

   g. **Date by which depositions of plaintiff's expert(s) should be completed:** The parties request that the Court conduct a post-fact discovery status conference during which expert discovery, if any, will be discussed and scheduled.

   h. **Date by which defendant's expert reports should be filed:** The parties request that the Court conduct a post-fact discovery status conference during which expert discovery, if any, will be discussed and scheduled.

   i. **Date by which depositions of defendant's expert(s) should be completed:** The parties request that the Court conduct a post-fact discovery status conference during which expert discovery, if any, will be discussed and scheduled.

   j. **Date by which third party expert's reports should be filed:** The parties request

       that the Court conduct a post-fact discovery status conference during which expert discovery, if any, will be discussed and scheduled.

    **k.** **Date by which depositions of third party's expert(s) should be completed:** The parties request that the Court conduct a post-fact discovery status conference during which expert discovery, if any, will be discussed and scheduled.

10. **If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations**: The parties disagree on whether discovery should be limited. Please see paragraph 8.

11. **Please answer the following questions in regard to the discovery of electronically stored information ("ESI"):**

    **a.** **ESI.** Is either party seeking the discovery of ESI in this case?
    X Yes     ☐ No [If "No," skip to sub-part (e) below.]

    **b.** **ESI Discovery Plan.** The parties have reviewed and discussed the Court's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information set forth in "Appendix LCvR 26.2.C-CHECKLIST" to the Local Rules and:

    X Have agreed that, in light of the facts and issues in this case, there is no need to complete an ESI discovery plan, and will conduct ESI discovery by
       Production of pdf documents of any ESI.

    ☐ Have developed an ESI discovery plan (as attached).
    ☐ Will have an ESI discovery plan completed by
    ☐ NOTE: At the direction of the Court, parties may be required to submit a draft of the Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation set forth in "Appendix LCvR 26.2.E-MODEL ORDER" to the Local Rules, to address specific issues relative to the parties' exchange of electronic discovery and ESI. If the parties are unable to do so, they should advise the Court promptly.

    **c.** **Preservation.** Have the parties agreed on any protocol for the preservation of electronic data and/or potentially relevant ESI?
    X Yes     ☐ No

    **d.** **ADR.** Does any party believe that the exchange of ESI is necessary prior to conducting meaningful Alternative Dispute Resolution ("ADR") in this case?
    ☐ Yes     X No

    e.    **Clawback Agreement**. The parties have reviewed F.R.C.P. 26(b)(5), F.R.E. 502 and LCvR 16.1.D, Procedures Following Inadvertent Disclosure, and:

X Request the Court enter an Order implementing Federal Rule of Evidence 502(d) such as the model Order set forth in "Appendix LCvR 16.1.D" to the Local Rules and filed with this Report.

☐ Have agreed on alternate non-waiver language, which either is or will be incorporated within the ESI discovery plan.

☐ Are unable to agree on appropriate non-waiver language.

    f.    **EDSM and E-Mediator.** Does any party believe that the appointment of an E-Discovery Special Master ("EDSM") or E-Mediator would help resolve ESI discovery issues in this case? For further information, see the Court's official website at http://www.pawd.uscourts.gov.

☐ Yes     X No

    g.    **Other**. Identify all outstanding disputes concerning any ESI issues:
None at this time.

12.    **Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following: (The parties are *not* required during their Rule 26(f) Conference to consider or propose dates for the items identified below. Those dates will be determined, if necessary, at the Post-Discovery Status Conference. Lead trial counsel for each party and each unrepresented party are required to attend the Post- Discovery Status Conference with their calendars in hand to discuss those items listed below that require scheduling. In addition, a representative with settlement authority of each party shall be required to attend; representatives with settlement authority of any insurance company providing any coverage shall be available throughout the Conference by telephone):** The parties agree that the Court should conduct a post-discovery status conference after completion of fact discovery permitted by the Court.

    a.    **Settlement and/or transfer to an ADR procedure;**

    b.    **Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragraphs 9.f. through 9.k., above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference;**

    c.    **Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;**

    d.    **Dates by which parties' pre-trial statements should be filed;**

    e.    **Dates by which *in limine* and *Daubert* motions and responses thereto should be filed;**

    f.    **Dates on which motions *in limine* and *Daubert* motions shall be heard;**

       **g.**       **Dates proposed for final pre-trial conference;**

       **h.**       **Presumptive and final trial dates.**

13. **Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):** The parties believe that it may be necessary to enter into an agreed confidentiality stipulation regarding production of some confidential documents. If the parties cannot agree on a confidentiality stipulation, an appropriate motion will be presented to the Court.

14. **Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:** No.

15. **If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:** The parties disagree on whether discovery should be limited. Please see paragraph 8.

16. Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration: No.

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KENNETH FERENCE, | **ELECTRONICALLY FILED** |
| Plaintiff, | No. 2:22-cv-797 |
| v. | JURY TRIAL DEMANDED |
| ROMAN CATHOLIC DIOCESE OF GREENSBURG, | |
| Defendant. | |

Magistrate Judge Maureen P. Kelly

**Clawback Order Implementing Federal Rule of Evidence 502(d)**

1. **No Waiver by Disclosure.** This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Subject to the provisions of this Order, if a party (the "Producing Party") discloses information in connection with the pending litigation, that the Producing Party thereafter claims to be protected by the attorney-client privilege and/or trial preparation material protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture in this or any other federal, state, arbitration, or any other proceeding of any claim of privilege or protection as trial preparation material that the Producing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

2. **Notification Requirements; Best Efforts of Receiving Party.** A Producing Party must promptly notify the party receiving the Protected Information (the "Receiving Party"), in writing that it has disclosed the Protected Information without intending a waiver by the disclosure. The notification by the Producing Party shall include as specific an explanation as possible why the Protected Information is covered by the attorney-client privilege and/or constitutes trial preparation material. Upon such notification, the Receiving Party must, unless it contests the claim of attorney-client privilege or protection as trial preparation material in accordance with paragraph (3), promptly (a) notify the Producing Party that it will make best efforts to identify and return, sequester or destroy (or in the case of electronically stored information, delete) the Protected Information and any reasonably accessible copies it has and (b) provide a certification that it will cease further review, dissemination and use of the Protected Information. For purposes of this Order, Protected Information that has been stored on a source of electronically stored information that is not reasonably accessible, such as backup storage media, is sequestered. If such data is retrieved, the Receiving Party must promptly take steps to delete or sequester the restored Protected Information.

3. **Contesting Claims of Privilege or Protection as Trial Preparation Material.** If the Receiving Party contests the claim of attorney-client privilege or protection as trial preparation material, the Receiving Party must within 30 days of receipt of the notification referenced in Paragraph (2) move the Court for an Order finding that the material referenced in the notification does not constitute Protected Information. This Motion must be filed (with Court approval) under seal and cannot assert the fact or circumstance of the disclosure as a ground for determining

that the material does not constitute Protected Information. Pending resolution of the Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than as required by law to be served with a copy of the sealed Motion.

4. **Stipulated Time Periods.** The parties may stipulate to extend the time periods set forth in subparagraphs (2) and (3).

5. **Burden of Proving Privilege or Protection as Trial Preparation Material.** The Disclosing Party retains the burden upon challenge pursuant to Paragraph (3) of establishing the privileged or protected nature of the Protected Information.

6. **In Camera Review.** Nothing in this Order limits the right of any party to petition the Court for an in camera review of the Protected Information.

7. **Voluntary and Subject Matter Waiver.** This Order does not preclude a party from voluntarily waiving the attorney-client privilege or trial preparation material protection. The provisions of Federal Rule of Evidence 502(a) apply when the Disclosing Party uses or indicates that it may use information produced under this Order to support a claim or defense.

8. **Rule 502(b)(2).** The failure to take reasonable steps to prevent the disclosure shall not give rise to a waiver of the privilege.

9. **Other Clawback and Confidentiality Obligations.** This Order does not affect or rescind any Clawback Agreement or Order governing protection of confidential information to which the parties have otherwise agreed.

10. **Severability.**  The invalidity or unenforceability of any provisions of this Order shall not affect the validity or enforceability of any other provision of this Order, which shall remain in full force and effect.

_____
The Honorable Maureen P. Kelly
Magistrate Judge, United States District Court for the Western District of Pennsylvania

Respectfully Submitted:

| | |
|---|---|
| **MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, P.L.L.C.** | **BALL, MURREN & CONNELL, LLC** |
| /s/ Bernard P. Matthews, Jr., Esq. | /s/ Philip J. Murren, Esq. |
| **BERNARD P. MATTHEWS, JR., ESQ.** | **PHILIP J. MURREN, ESQ.** |
| PA. I.D. #54880 | PA. I.D. #21426 |
| bmatthews@mdbbe.com | bmc-law2@msn.com |
| **ALEXANDER W. BROWN, ESQ.** | **KATHERINE M. FITZ-PATRICK, ESQ.** |
| PA. I.D. #322661 | PA. I.D. #208863 |
| abrown@mdbbe.com | fitz-patrick@bmc-law.net |
| 40 North Pennsylvania Ave., Suite 410 | **DAVID R. DYE, ESQ.** |
| Greensburg, PA 15601 | PA I.D. #88665 |
| Telephone No.: (724) 836-4840 | dye@bmc-law.net |
| Fax No.: (724) 836-0532 | 2303 Market Street |
| *(Attorneys for Defendant)* | Camp Hill, PA 17011 |
| | Telephone No.: (717) 232-8731 |
| | Fax No.: (717) 232-2142 |
| | *(Attorneys for Defendant)* |

**QUATRINI LAW GROUP**

/s/Nicholas W. Kennedy, Esq.
**NICHOLAS W. KENNEDY. ESQ.**
PA ID No. 317386
550 East Pittsburgh Street
Greensburg, PA 15601
Phone: 724-837-0080
Fax: 724-837-1348
*(Attorneys for Plaintiff)*