IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH FERENCE,<br><br>Plaintiff,<br><br>vs.<br><br>ROMAN CATHOLIC DIOCESE OF GREENSBURG,<br><br>Defendant. | ELECTRONICALLY FILED<br><br>No. 2:22-cv-00797-NR-MPK<br><br>District Judge J. Nicholas Ranjan<br>Magistrate Judge Maureen P. Kelly<br><br>JURY TRIAL DEMANDED |

**BRIEF SUPPORTING DEFENDANT'S MOTION TO BIFURCATE OR LIMIT DISCOVERY**

Defendant Roman Catholic Diocese of Greensburg ("Diocese") seeks to bifurcate or limit discovery to protect its First Amendment interests while focusing factual inquiry on whether Title VII's religious exemptions, the ministerial exception, or the church autonomy doctrine preclude Plaintiff Kenneth Ference's ("Mr. Ference") suit.

**I.      Bifurcation Standards**

Federal Rule of Civil Procedure 42(b) states that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues . . . ." Fed. R. Civ. P. 42(b).  The Third Circuit holds that district courts have "broad discretion" when deciding motions to bifurcate.  Idzojtic v. Pa. R.R. Co., 456 F.2d 1228, 1230 (3d Cir. 1972) (per curiam) (citing 9 Wright & Miller, Federal Practice and Procedure § 2392).  Such a decision must occur "only as a result of an informed exercise of discretion on the merits of each case."  Lis v. Robert Packer Hosp., 579 F.2d 819, 824 (3d Cir. 1978).

District courts decide motions to bifurcate by weighing multiple factors: "convenience, prejudice to the parties, expedition and economy of resources."  Emerick v. U.S. Suzuki Motor Corp., 750 F.2d 19, 22 (3d Cir. 1984).  These bifurcation factors are similarly enunciated by district

courts: (1) whether the issues are significantly different from each other; (2) whether they require separate witnesses and documents; (3) whether the nonmoving party would be prejudiced by bifurcation; and (4) whether the [moving] party would be prejudiced if bifurcation is not granted. Reading Tube Corp. v. Emp'rs Ins. of Wausau, 944 F. Supp. 398, 404 (E.D. Pa. 1996); Griffith v. Allstate Ins. Co., 90 F. Supp. 3d 344, 346 (M.D. Pa. 2014).

II.     **Law and Argument**

The Court should bifurcate discovery into two phases to protect the Diocese's First Amendment rights under the Religion Clauses. In the first discovery phase, the Parties should focus on developing a record as to whether Title VII's religious exemption applies to Aquinas Academy and whether the ministerial exception and religious autonomy doctrines preclude Mr. Ference's suit. The Court should entertain summary judgment motions after the first phase of discovery concludes. Should Mr. Ference's suit remain following the first phase of discovery and any summary judgment motions after that first phase, the second phase of discovery would focus on purported liability and damages stemming from Mr. Ference's termination.

This two-phased approach to discovery also respects the Court's order regarding the Diocese's objections to the report and recommendation denying the Diocese's motion to dismiss. (ECF No. 24.) The Court determined it was "premature to decide the applicability" of Title VII's religious exemptions. (Id. p. 3.) It then quoted case law from the Ninth Circuit and Third Circuit requiring a multi-factor analysis of an organization's religious and secular characteristics before deciding whether Title VII's religious exemptions apply. (Id. pp. 4–5); Garcia v. Salvation Army, 918 F.3d 997, 1003 (9th Cir. 2019); LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 226 (3d Cir. 2007). The Court similarly concluded that it was "premature" to consider the Diocese's church autonomy and ministerial exception arguments at the motion-to-dismiss stage. (ECF No. 24 pp. 5–6.) Finally, Judge Ranjan ordered the parties to create the record necessary to

conduct the multi-factor analysis to determine whether Title VII's religious exemptions apply to Aquinas Academy. (ECF No. 24, pp. 4-5); Hosanna-Tabor Evangelical Lutheran Church & Sch. v. EEOC, 565 U.S. 171, 190–92 (2012); Our Lady of Guadalupe Sch. v. Morrissey-Berru, 140 S.Ct. 2049, 2062–2066 (2020).

Bifurcating or limiting discovery also aligns with First Amendment interests recognized by the church autonomy doctrine. Mr. Ference, per the Rule 26(f) report, seeks discovery on the Diocese's "comparative employment decisions . . . regarding lay teachers." (ECF No. 26 p. 2.) This demonstrates Mr. Ference's desire to scrutinize the Diocese's application of religious doctrine to him as opposed to its employment decisions regarding other lay teachers. Federal courts cannot delve into such matters under the church autonomy doctrine. Kedroff v. Saint Nicholas Cathedral of Russian Orthodox Church in North Am., 344 U.S. 94, 116 (1952) (the First Amendment protects religious institutions' right "to decide for themselves, free from state interference, matters of church government as well as those of faith and doctrine."); Watson v. Jones, 80 U.S. 679, 733 (1872) (church discipline or "the conformity of members of the church to the standard of morals required of them" are matters "strictly and purely ecclesiastical in its character . . . over which the civil courts exercise no jurisdiction."); NLRB v. Catholic Bishop of Chicago, 440 U.S. 490, 502–03 (1979) ("It is not only the conclusions that may be reached by the Board which may impinge on rights guaranteed by the Religion Clauses, but also the very process of inquiry leading to findings and conclusions."). Federal courts may only adjudicate disputes turning "on a question devoid of doctrinal implication" and that "employ neutral principles of law to adjudicate." Askew v. Trs. of Gen. Assembly of Church of the Lord Jesus Christ of the Apostolic Faith Inc., 684 F.3d 413, 418–19 (3d Cir. 2012). Federal courts cannot "pars[e] the precise reasons" for a church employee's termination if doing so "would intrude on internal church governance [and] require

consideration of church doctrine . . . ." Lee v. Sixth Mount Zion Baptist Church of Pittsburgh, 903 F.3d 113, 121–22 (3d Cir. 2018).

Numerous courts within and beyond the Third Circuit's bounds have limited or bifurcated discovery to first decide the ministerial exception or the applicability of statutory religious organization exemptions. McIver v. Imani Christian Acad., Civ. No. 13-576, 2015 WL 5672631, at *1, *3 (W.D. Pa. Sept. 24, 2015) (limited discovery permitted on Title VII religious exemption); Sky R. v. Haddonfield Friends Sch., Civ. No. 14-5730, 2016 WL 1260061, at *6–11 (D.N.J. Mar. 31, 2016) (limited discovery permitted to determine if school is exempt under ADA's religious exemption); Fassl v. Our Lady of Perpetual Help Roman Catholic Ch., Civ. No. 05-CV-0404, 2005 WL 2455253, at *1 (E.D. Pa. Oct. 5, 2005) (limited discovery permitted on whether ministerial exception applied); Sterlinski v. Catholic Bishop of Chi., 2017 WL 1550186, at *5 (N.D. Ill. May 1, 2017) (limiting discovery to applicability of the ministerial exception); Fitzgerald v. Roncalli High Sch., 2021 WL 4539199, at *1 (S.D. Ind. Sept. 30, 2021) (stating that "courts regularly bifurcate discovery in ministerial cases"). District courts within the Third Circuit bifurcate or limit discovery in cases with far less constitutional significance than Mr. Ference's. Bogacz v. MTD Prods. Inc., 694 F. Supp. 2d 400, 402 (W.D. Pa. 2010) (limited discovery allowed as to validity of release); Payne v. Prevention Point, Civ. No. 20-4444, 2021 WL 2414606, at *2 (E.D. Pa. June 14, 2021) (limited discovery permitted as to whether unpaid intern is employee under Title VII); Darrington v. Milton Hershey Sch., Civ. No. 18-4265, 2019 WL 3304701, at *1 (E.D. Pa. July 23, 2019) (limited discovery ordered on arbitrability of plaintiffs' claims), rev'd on other grounds, 958 F.3d 188 (3d Cir. 2020).

The bifurcation factors favor granting the Diocese's motion. First, the above issues differ from whether the Diocese will ultimately be liable to Mr. Ference and what Mr. Ference's damages

stemming from his termination may be.  Second, different witnesses and documents will be needed to adjudicate the religious organization exemption, ministerial exception, and church autonomy issues as compared to determining the circumstances of Mr. Ference's termination and his purported damages.  This is particularly true if the Court is inclined to allow Mr. Ference to pry into how the Diocese has applied religious doctrine as to his termination as compared to other doctrine-related employment decisions.  Third, Mr. Ference will not be prejudiced by bifurcating or limiting discovery because discovery costs will be reduced if it is limited to facts relevant to the Title VII religious exemptions, the ministerial exception, and church autonomy doctrine.  Broad discovery into the Diocese's other employment decisions, applications of religious doctrine or damages would greatly increase Mr. Ference's time, money, and effort expended on this case.  Fourth, the Diocese would be prejudiced if discovery is not bifurcated or limited because it would be forced to endure intrusive, wide-ranging, and high-cost probes into doctrine-related personnel decisions and application of church doctrine to various employment issues.  More importantly, the Diocese is constitutionally protected from such discovery efforts.  See supra pp. 3–4.

| MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, P.L.L.C. | BALL, MURREN & CONNELL, LLC |
|---|---|
| /s/ Bernard P. Matthews, Jr., Esq.<br>**BERNARD P. MATTHEWS, JR., ESQ.**<br>PA. I.D. #54880<br>bmatthews@mdbbe.com<br>**ALEXANDER W. BROWN, ESQ.**<br>PA. I.D. #322661<br>abrown@mdbbe.com<br>40 North Pennsylvania Ave., Suite 410<br>Greensburg, PA 15601<br>Telephone No.: (724) 836-4840<br>Fax No.: (724) 836-0532<br>*(Attorneys for Defendant)* | /s/ Philip J. Murren, Esq.<br>**PHILIP J. MURREN, ESQ.**<br>PA. I.D. #21426<br>bmc-law2@msn.com<br>**KATHERINE M. FITZ-PATRICK, ESQ.**<br>PA. I.D. #208863<br>fitz-patrick@bmc-law.net<br>**DAVID R. DYE, ESQ.**<br>PA I.D. #88665<br>dye@bmc-law.net<br>2303 Market Street<br>Camp Hill, PA 17011<br>Telephone No.: (717) 232-8731<br>Fax No.: (717) 232-2142<br>*(Attorneys for Defendant)* |