IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH FERENCE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 22-797 |
| | ) | District Judge J. Nicholas Ranjan |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| ROMAN CATHOLIC DIOCESE OF GREENSBURG, | ) | Re: ECF No. 30 |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

On June 26, 2023, Defendant Roman Catholic Diocese of Greensburg filed a Motion to Bifurcate or Limit Discovery. ECF No. 30. During the Initial Case Management Conference on the morning of June 27, 2023, the Court gave counsel for Plaintiff Kenneth Ference the opportunity to address the motion or, if preferred, to file a brief in opposition. ECF No. 32. Counsel opted to state the basis for his opposition and declined the opportunity for briefing. For the reasons that follow, as stated during the conference, the Motion to Bifurcate or Limit Discovery will be denied.

Federal Rule of Civil Procedure 26(b)(1) provides that unless otherwise limited by court order, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Discovery is just commencing; yet the Diocese seeks to preemptively limit the scope of discovery to prevent Mr. Ference from seeking evidence related to the circumstances of his allegedly unlawful termination and damages suffered. ECF No. 31 at 5. To that end, the Diocese relies on the Court's authority "[f]or convenience, to avoid prejudice, or to expedite and economize, … to order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b).

The Diocese argues that anticipated discovery should be limited to aspects of the faith-based defenses it has raised to Mr. Ference's Title VII sex-discrimination claim including the religious exemptions set forth in Section 702(a) and 703, the church autonomy doctrine, and the ministerial exception to the First Amendment. ECF No. 31 at 2. It argues that the proposed limitations will protect it from being "forced to endure intrusive, wide-ranging, and high-cost probes into doctrine-related personnel decisions and application of church doctrine to various employment issues. More importantly, the Diocese is constitutionally protected from such discovery efforts." Id. at 5.

Mr. Ference opposes the motion on the grounds that bifurcation is unwarranted and premature. He points out that the Diocese is seeking to exclude basic Title VII liability and damages discovery. His anticipated discovery will involve many of the same witnesses and documents, and will be directed at establishing the elements of his Title VII sex discrimination claim and the factual basis for the Diocese's defenses. He notes that any confidentiality concerns can be addressed with a protective order. Furthermore, he observes that the instant motion is an attempt to relitigate the Motion to Dismiss.

The factors to be considered by the Court when determining the propriety of bifurcation include: "(1) whether the issues are significantly different from each other; (2) whether they require

2

separate witnesses and documents; (3) whether the non-moving party would be prejudiced by bifurcation; and (4) whether the non-moving party would be prejudiced if bifurcation is not granted." Yohn v. Selective Ins. Co. of Am., No. 3:20-CV-565, 2020 WL 6343138, at *1 (M.D. Pa. Oct. 29, 2020) (quoting Craker v. State Farm Mut. Auto. Ins. Co., 2012 WL 3204214, at *1 (W.D. Pa. Aug. 3, 2012) (citing Reading Tube Corp. v. Employers Ins. Of Wausau, 944 F. Supp. 398, 404 (E.D. Pa. 1996))).

In ruling on the prior Motion to Dismiss, the Court considered each of the Diocese's defenses and determined that "additional factual development is necessary" related to "the application of the Title VII exemptions and church autonomy doctrine." ECF No. 24 at 6 n.2. This includes discovery into whether Aquinas Academy is a "religious organization," whether Aquinas Academy made a personnel decision "rooted in religious belief" when it terminated Mr. Ference, and the allegedly secular nature of Mr. Ference's employment. Id. at 5. See, e.g., Hosanna-Tabor Evangelical Lutheran Church & Sch. v. E.E.O.C., 565 U.S. 171, 180-81 (2012) and Our Lady of Guadalupe Sch. v. Morrissey-Berru, 140 S. Ct. 2049, 2052 (2020) (both cases decided on motions for summary judgment based on evidence obtained in discovery that included more than the defendants' assertions related to the faith formation role played by each plaintiff).

Against this factually intensive inquiry, the Court finds that bifurcation is not warranted. It appears that the same witnesses will be deposed as to Mr. Ference's claims and the Diocese's defenses and written discovery requests will cover overlapping information. Should the Court determine that there are material factual disputes that preclude entry of summary judgment, bifurcation would prejudice Mr. Ference in the form of delay and additional costs incurred to litigate multiple phases of this litigation that otherwise would occur simultaneously. Thus, the Diocese has not established that bifurcation will permit this litigation to proceed efficiently, cost-

effectively, and without prejudice to Mr. Ference's ability to investigate the factual basis of his claims as contemplated by Rule 26(b).

Accordingly, for the reasons stated herein, IT IS HEREBY ORDERED this 29th day of June 2023 that the Diocese's Motion to Bifurcate or Limit Discovery, ECF No. 30, is DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Failure to timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   The Honorable J. Nicholas Ranjan
      United States District Judge

      All counsel of record by Notice of Electronic Filing

4