IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH FERENCE, | ) | CIVIL ACTION NO. 2:22-cv-797 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROMAN CATHOLIC DIOCESE | ) | |
| OF GREENSBURG and AQUINAS | ) | |
| ACADEMY, | ) | |
| | ) | |
| Defendants. | ) | |

**Response to Defendants' Objections to Judge Maureen Kelly's Memorandum Order**

**I.     Introduction**

This Court should reject Defendants' Objections to Judge Kelly's Memorandum Order because the four factors used to evaluate whether bifurcation is appropriate counsel against such a move.  Additionally, Defendants offer inconsistent bifurcation proposals, which will lead to unnecessary discovery disputes.  Defendants' argument to limit discovery also includes inconsistent proposals, disregards the Court's position on the relevance of comparative employment decisions, and prematurely raises concerns regarding Mr. Ference's anticipated discovery requests.  Finally, throughout Defendants' Objections, they attempt to weave in the arguments made in the Motion to Dismiss, which have no bearing on questions regarding the scope and structure of discovery.

**II.    Response to Objections**

Judge Kelly's Memorandum Order may only be set aside if it is "clearly erroneous or contrary to the law." Fed. R. Civ. P. 72(a).

   **A.    Bifurcation is not warranted in this matter.**

1

"[C]ourts have set forth four factors to be considered when determining whether bifurcation is appropriate: "(1) whether the issues are significantly different from each other; (2) whether they require separate witnesses and documents; (3) whether the non-moving party would be prejudiced by bifurcation; and (4) whether the []moving party would be prejudiced if bifurcation is not granted." *Yohn v. Selective Ins. Co. of Am.*, No. 3:20-CV-565, 2020 U.S. Dist. LEXIS 201278, at *4 (M.D. Pa. Oct. 29, 2020).

When the Diocese's original Motion is distilled to its essence, by filtering out Defendants' constitutional law arguments, it is simply a motion to bifurcate, which must be evaluated under the four factors outlined above and by Judge Kelly. The application of those four factors shows that Judge Kelly's Order was not clearly erroneous. As a result, the Court should reject Defendants' Objections.

To evaluate Defendants' proposed bifurcation, it is important to first analyze what Defendants mean by bifurcation. In the Diocese's original Motion, it proposed conducting discovery on its Title VII religious exemption, ministerial exception, and religious autonomy defenses first, and then, following summary judgment, proceeding to discovery on liability and damages. ECF No. 30 at ¶ 4. Defendants then shift from that proposed split and seek to add "other First Amendment affirmative defenses" to the first phase of discovery. ECF No. 39 at 9. Defendants' loosely defined bifurcation is problematic as it will likely lead to a multitude of discovery disputes. *See Starkey v. Roman Catholic Archdiocese of Indianapolis, Inc.,* No. 1:19-cv-03153-RLY-TAB, 2019 U.S. Dist. LEXIS 218951, at *10 (S.D. Ind. Dec. 20, 2019) ("The Court also contemplates that bifurcation could result in a flurry of potentially expensive and thorny discovery disputes given the likelihood that the parties disagreed about the scope of discovery as it relates to the ministerial exception.").

In applying the bifurcation factors to this case, the first factor weighs against bifurcation because the issue of liability and Defendants' affirmative defenses are necessarily intertwined. As the Court found in the Order Adopting in Part Report & Recommendation, "there's nothing in the record regarding the specific doctrines and beliefs at issue and whether the employment decision was rooted in those religious doctrines and beliefs." ECF No. 24 at 5.  The Court recognized that in evaluating the "why" behind Mr. Ference's termination, the parties must necessarily develop a factual record to flesh out Mr. Ference's claims and Defendants' affirmative defenses.  Also, the issue of damages necessarily flows from the intertwined issues just described.

For the second factor, the parties' Initial Disclosures demonstrate that the parties' witnesses largely overlap (see attached as Exhibit A).  With overlapping witnesses, bifurcation is not supported.  In terms of documentation, this is a single-plaintiff case, where Mr. Ference was employed for a month.  ECF No. 42 at ¶¶ 8, 27.  Because of those undeniable facts, the universe of documents is going to be inherently limited, with the likelihood of significant overlap, which does not tip the balance in favor of bifurcation.  Judge Kelly also recognized the overlapping witnesses and documents in this matter.  ECF No 35 at 3.

For the third factor, Mr. Ference will be prejudiced because of the delay bifurcation will cause, and bifurcation will lead to two separate depositions for Mr. Ference.  For the delay, the court in *Starkey* recognized that "were [it] to permit bifurcation, it likely would take at least nine months to complete discovery, brief the ministerial exception on summary judgment, and issue a ruling.  Assuming factual disputes would result in the issue being presented to the jury…this case would be needlessly delayed." 2019 U.S. Dist. LEXIS 218951, at *10.  In addition to the delay, Mr. Ference would be forced to sit for two depositions because of Defendants' proposed

bifurcation. Mr. Ference is a key witness in evaluating Defendants' ministerial exception defense because of his conversations with Ms. Watkins, which creates an issue of fact regarding his job duties. ECF No. 42 at ¶¶ 17-18. Mr. Ference is also a liability and damages witness. As a result, under Defendants' proposal, Mr. Ference would be required to incur the burden of two depositions, with the resulting time away from his family and employment.

For the fourth factor, Defendants' fears of "intrusive, wide-ranging, and high-cost probes" are entirely speculative. ECF 39 at 8. Mr. Ference has not served any discovery requests. Additionally, Defendants are protected by the limits imposed under Fed. R. Civ. P. 26(b)(1) regarding proportionality. Defendants' recitation of their constitutional law arguments has no bearing on the decision of whether to bifurcate.

The litany of cases that Defendants cite in favor of bifurcation are easily distinguished. In each of those, the court bifurcated discovery to a **single** affirmative defense. Unlike those cases, Defendants seek bifurcation for multiple affirmative defenses, which involve issues intertwined with liability, as described above. Also, the decision to bifurcate is based on the unique facts of an individual case. "The fact that defendants can cite to cases granting bifurcation is not surprising. Since the decision whether to bifurcate requires a fact-intensive analysis left to the sound discretion of the court, based on the facts in a specific case different courts are bound to rule that bifurcation is appropriate." *D'Arrigo v. Gloucester City*, No. 04-5967(JBS), 2007 U.S. Dist. LEXIS 92520, at *9 (D.N.J. Dec. 17, 2007).

An analysis of the four factors demonstrates that bifurcation is not appropriate. Defendants' efforts to rekindle the denied Motion to Dismiss have no bearing on this argument.

**B.**     **Defendants' proposed discovery limits are not justified.**

Like Defendants' inconsistent position on the scope of bifurcation, their proposed discovery limits shift as their argument progresses. In the Diocese's original Motion to Bifurcate or Limit Discovery, it conflated bifurcation with imposing a limit on discovery and never clearly defined its proposed limits. In their Objections, Defendants first enumerate their proposed limits on discovery but do so in an inconsistent manner. Defendants first argue that Mr. Ference must be restricted from "scrutinizing the application of religious doctrine to him as compared to other Diocesan teachers." ECF No. 39 at 12. Defendants then assert that all comparator discovery, not just that related to the application of religious doctrine, is irrelevant. *Id.* Defendants' unclear and inconsistent proposed limits, raised for the first time in their Objections, are an invitation for needless discovery disputes. *See Starkey.,* 2019 U.S. Dist. LEXIS 218951, at *10.

Defendants' proposed discovery limits also run contrary to the Court's Order Adopting in Part Report & Recommendation. As the Court recognized, the employment decisions regarding other lay (non-Catholic) teachers are relevant to the multi-factor analysis. ECF 24 at 5 n.1. Those comparative decisions are also relevant to the ministerial exception defense. Evaluating whether an employee is a minister requires a fact-specific analysis. *Hough v. Roman Catholic Diocese of Erie*, Civil Action No. 12-253 Erie, 2014 U.S. Dist. LEXIS 27159, at *8 (W.D. Pa. Mar. 4, 2014). If Defendants, as a practice, limit lay teachers to secular instruction, then that is directly relevant to the ministerial exception analysis.

On the issue of using comparators to evaluate religious doctrine, Defendants' concerns are entirely speculative. Mr. Ference has not served any discovery requests in this matter. Also, Defendants are relying on cases that relate to a final ruling on their affirmative defenses, not a limit on discovery based on relevancy. Furthermore, Defendants fail to recognize the following holding by the Court: "it is not safe to assume that the Diocese adheres to the Catholic Church's

views on same-sex marriage. That issue is complicated. The Catholic Church doesn't appear to bless same-sex marriages, and considers homosexuality to be a sin; but Pope Frances has also made comments welcoming LGBTQ members to church." *Id*. The Court recognized that there is the need for discovery on a host of issues, including the doctrines used to justify Mr. Ference's termination. How the Court should rule on a motion for summary judgment is an issue for another day.

### III.   Conclusion

Judge Kelly's Memorandum Order should be adopted in its entirety.

Respectfully submitted,

/s/ *Nicholas W. Kennedy*
Nicholas W. Kennedy, Esquire
PA ID No. 317386
Quatrini Law Group
550 East Pittsburgh Street
Greensburg, PA 15601
Phone: (724) 837-0080
Fax: (724) 837-1348
nwk@qrlegal.com

# EXHIBIT A




Workers' Compensation

Social Security Disability

Injuries & Auto Accidents

Long-Term Disability

Veterans' Disability

Employment Law

Labor/Union Representation

Writer's Direct Dial: (724) 552-2728

July 11, 2023

**VIA EMAIL ONLY**

Bernard P. Matthews, Esquire
Alexander W. Brown, Esquire
Meyer Darragh Buckler Bebeneck & Eck, PLLC
40 N. Pennsylvania Avenue
4th Floor, Suite 410
Greensburg, PA 15601
bmatthews@mdbbe.com
abrown@mdbbe.com

Philip J. Murren, Esquire
Katherine M. Fitz-Patrick, Esquire
David R. Dye, Esquire
Ball, Murren & Connell, LLC
2303 Market Street
Camp Hill, PA 171011
bmc-law2@msm.com
fitz-patrick@bmc-law.net
dye@bmc-law.net

Re:   **Kenneth Ference v. Roman Catholic Diocese of Greensburg and Aquinas Academy**
      **Docket No. 2:22-cv-797**

Dear Counsel:

In conjunction with Rule 26(a)(1) of the Federal Rules of Civil Procedure, on behalf of Mr. Ference, we submit the following Initial Disclosures:

(A)   **Information on individuals likely to have discoverable information that Plaintiff may use to support his claims:**

**Kenneth Ference**
c/o Nicholas W. Kennedy, Esquire
Quatrini Law Group
550 East Pittsburgh Street
Greensburg, PA 15601

Kenneth Ference has discoverable information in support of his claims on all subjects identified in the Complaint.

550 East Pittsburgh St.
Greensburg, PA 15601
724-837-0080
Fax: 724-837-1348

www.qrlegal.com

A Professional Corporation

Greensburg ▪ Pittsburgh ▪ Latrobe ▪ Altoona

**William Fry**
c/o Nicholas W. Kennedy, Esquire
Quatrini Law Group
550 East Pittsburgh Street
Greensburg, PA 15601

William Fry, Mr. Ference's husband, has discoverable information regarding Mr. Ference's damages.

**Maria Cochenour**
c/o Counsel for Defendant

Maria Cochenour, Business Manager, has discoverable information regarding Defendants' policies and procedures; Defendants' personnel decisions, including Mr. Ference's termination; and Mr. Ference's job duties and responsibilities.

**Kelly Watkins**
c/o Counsel for Defendant

Kelly Watkins, Principal, has discoverable information regarding Defendants' policies and procedures; Defendants' personnel decisions, including Mr. Ference's termination; and Mr. Ference's job duties and responsibilities.

**Jennifer Davis**
c/o Counsel for Defendant

Jennifer Davis, a Sixth-Grade Teacher, has discoverable information regarding Defendants' policies and procedures and Mr. Ference's job duties and responsibilities.

**Maureen Marsteller**
c/o Counsel for Defendant

Maureen Marsteller, Superintendent of Catholic Schools, has discoverable information regarding Defendants' policies and procedures; Defendants' personnel decisions, including Mr. Ference's termination; and Mr. Ference's job duties and responsibilities.

**Bishop Larry J. Kulick, J.C.L**
c/o Counsel for Defendant

Bishop Larry Kulick has discoverable information regarding Defendants' policies and procedures; Defendants' personnel decisions, including Mr. Ference's termination; and Mr. Ference's job duties and responsibilities.

(B)   <u>**Documents**</u>

The following categories of documents may be used by Plaintiff to support his claims:

- Documents related to Mr. Ference's damages, including mitigation efforts;
- Documents related to Mr. Ference's employment with Defendant;
- Documents related to Mr. Ference's EEOC filings; and
- Documents identified in Defendants' Initial Disclosures.

(C) **Computation of Damages**

During his employment with Defendants, Mr. Ference earned $22,500/year. Following his termination, despite diligent efforts to migigate his damages, Mr. Ference remained unemployed until approximately October 15, 2022. As a result, his back pay at this time amounts to $25,300.00.

Mr. Ference will also seek compensatory and punitive damages, damages associated with the increased tax burden of any award, and lost fringe and other benefits of employment. Finally, he will seek attorney's fees and costs under all of his claims.

Mr. Ference reserves the right to amend and/or supplement these Initial Disclosures.

Very truly yours,

*Nicholas W. Kennedy*

Nicholas W. Kennedy

NWK/kes
cc:   Kenneth Ference

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

KENNETH FERENCE,

        Plaintiff,

vs.

ROMAN CATHOLIC DIOCESE OF
GREENSBURG, and AQUINAS ACADEMY

        Defendant.

No. 2:22-cv-00797-NR-MPK

District Judge J. Nicholas Ranjan

Magistrate Judge Maureen P. Kelly

JURY TRIAL DEMANDED

## INITIAL DISCLOSURES

AND NOW, come the Defendants, Roman Catholic Diocese of Greensburg and Aquinas Academy, by and through their counsel, Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C., and Bernard P. Matthews, Jr., and Ball, Murren & Connell, LLC, and Philip J. Murren, Esquire and Katherine M. Fitz-Patrick, Esquire, and serve on Plaintiff, Kenneth Ference, the following Initial Disclosures, pursuant to F.R.C.P. 26(a)(1) and the Court's Order dated June 27, 2023:

### I.   WITNESSES

1. Plaintiff, Kenneth Ference, c/o Plaintiff's counsel. Mr. Ference has knowledge regarding the allegations of Plaintiff's Complaint and Amended Complaint and the averments of Defendant's Answer and Affirmative Defenses.

2. William Fry (Ference husband), c/o Plaintiff's counsel. Mr. Fry has knowledge regarding the allegations of Plaintiff's Complaint and Amended Complaint and the averments of Defendant's Answer and Affirmative Defenses.

3. Superintendent, Maureen Marstellar (retired), c/o defense counsel. Dr. Marstellar has knowledge regarding the allegations of Plaintiff's Complaint and Amended Complaint and the averments of Defendant's Answer and Affirmative Defenses.

4. Principal, Kelly Watkins, c/o defense counsel. Ms. Watkins has knowledge regarding the allegations of Plaintiff's Complaint and Amended Complaint and the averments of Defendant's Answer and Affirmative Defenses.

5. Maria Cochenour, Aquinas's Business Manager, c/o defense counsel. Ms. Cochenour has knowledge regarding the allegations of Plaintiff's Complaint and Amended Complaint and the averments of Defendant's Answer and Affirmative Defenses.

6. Missy Dirado, Payroll/Benefits Coordinator, c/o defense counsel. Ms. Dirado has knowledge regarding the allegations of Plaintiff's Complaint and Amended Complaint and the averments of Defendant's Answer and Affirmative Defenses.

7. The Rev. Monsignor Raymond E. Riffle, MSW, MPA, VG, Vicar General of the Diocese of Greensburg, Moderator of the Curia, c/o defense counsel. Monsignor Riffle has knowledge regarding the averments of Defendant's Answer and Affirmative Defenses.

## II. DOCUMENTS

1. The following categories of documents may be used by the Defendants in support of their defenses: Exhibits to Defendant's Answer and Affirmative Defenses, the 2020-21 Faculty Handbook, documents related to Plaintiff's Employment Application packet, Plaintiff's on-boarding and employment-related documents, documents submitted to the EEOC, documents related to Defendants' Answer and Affirmative Defenses, documents related to Plaintiff's alleged damages and mitigation thereof, and documents identified by Plaintiff's disclosures.

## III. INSURANCE AGREEMENTS

National Catholic Risk Retention Group Primary Liability Policy #RRG10259-24, self-insured retention of $250,000.00 plus primary liability insurance coverage in the amount of $750,000.00.

National Catholic Risk Retention Group Umbrella Liability Policy #NM10259-24, excess liability insurance coverage in the amount of $9,000,000.00.

Defendants reserve the right to amend and/or supplement these Initial Disclosures.

**WHEREFORE**, Defendant, Roman Catholic Diocese of Greensburg and Aquinas Academy, deny all liability to the Plaintiff, and demand judgment in their favor and against the Plaintiff, with costs.

Date:

JURY TRIAL DEMANDED

MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, P.L.L.C.

By: _____
BERNARD P. MATTHEWS, JR., ESQ.
Pa. I.D. #54880
bmatthews@mdbbe.com
ALEXANDER W. BROWN, ESQ.
Pa. I.D. #322661
abrown@mdbbe.com
40 North Pennsylvania Ave., Suite 410
Greensburg, PA 15601
(724) 836-4840 (phone)
(724) 836-0532 (facsimile)
 *(Attorneys for Defendants, Roman Catholic Diocese of Greensburg and Aquinas Academy)*

BALL, MURREN & CONNELL, LLC

By: _____
PHILIP J. MURREN, ESQ.
PA. I.D. #21426
bmc-law2@msn.com

_____
KATHERINE M. FITZ-PATRICK, ESQ.
PA. I.D. #208863
fitz-patrick@bmc-law.net

2303 Market Street
Camp Hill, PA 17011
Telephone No.: (717) 232-8731
Fax No.: (717) 232-2142

*(Attorneys for Defendants, Roman Catholic Diocese of Greensburg And Aquinas Academy)*

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH FERENCE )<br>)<br>    Plaintiff )<br>)<br>    v. )<br>)<br>ROMAN CATHOLIC DIOCESE )<br>OF GREENSBURG, )<br>)<br>    Defendant ) | Civil Action No. No. 2:22-cv-00797-NR-MPK |

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of July, 2023, a true and correct copy of the foregoing Rule 26 Initial Disclosures were served via email and regular US Mail on:

Nicholas W. Kennedy, Esquire
nwk@qrlegal.com
Quatrini Law Group
550 East Pittsburgh Street
Greensburg, PA 15601
Telephone No.: (724) 221-3191
Fax No.: (724) 837-1348
*(Attorney for Plaintiff)*

JURY TRIAL DEMANDED

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C.

By: _____
BERNARD P. MATTHEWS, JR., ESQ.
Pa. I.D. #54880
bmatthews@mdbbe.com
ALEXANDER W. BROWN, ESQ.
Pa. I.D. #322661
abrown@mdbbe.com
40 North Pennsylvania Ave., Suite 410
Greensburg, PA 15601
(724) 836-4840 (phone)
(724) 836-0532 (facsimile)

*(Attorneys for Defendants, Roman Catholic Diocese of Greensburg and Aquinas Academy)*