IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH FERENCE, | NO. 2:22-cv-797-NR-MPK |
| Plaintiff, | Judge Maureen P. Kelly |
| v. | |
| ROMAN CATHOLIC DIOCESE OF GREENSBURG and AQUINAS ACADEMY, | JURY TRIAL DEMANDED |
| Defendants. | |

**BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

**I. Introduction**

Defendants' renewed effort to dismiss Mr. Ference's case asks the Court to interpret *303 Creative* in a manner that would eviscerate Title VII, and which contradicts the plain language of the Supreme Court's *303 Creative* Opinion and prior precedent. As a result, Defendants' Motion to Dismiss must be denied.

**II. Legal Standard**

A federal court complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Even after the Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "federal courts require notice pleading, as opposed to a heightened standard of fact pleading." *Depelligrin v. A&L Motor Sales, LLC*, No. 11-1579, 2012 WL 3073182, at *2 (W.D. Pa. July 27, 2012). "When reviewing a motion to dismiss, all allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (citation omitted).

### III. Argument

From Title VII's passage to today, employers have not been permitted to justify sex discrimination as an attempt to communicate a discriminatory message. Instead, the Supreme Court has explicitly rejected any suggestion that such First Amendment defenses apply in the employment context. "The dissent even suggests that our decision today is akin to endorsing a 'separate but equal' regime that would allow law firms to refuse women admission into partnership, restaurants to deny service to Black Americans, or businesses seeking employees to post something like a 'White Applicants Only' sign…Pure fiction all." *303 Creative LLC v. Elenis*, 143 S. Ct. 2298, 2319 (2023). As per the Supreme Court, Defendants' argument that their firing of Mr. Ference is now legal under *303 Creative* is "pure fiction."

In *303 Creative*, the parties stipulated that the plaintiff sought to engage in expressive activity involving pure speech. *Id*. at 2319. *303 Creative* then solidified the line between unconstitutional direct burdens on pure speech, which "force an individual to 'utter what is not in [her]mind' about a question of political and religious significance," *Id*. at 2318, and incidental burdens on speech, which are constitutionally permissible. *Id*. at 2317-18. The state may not require an artist to make statements contrary to her own beliefs. However, the state may prohibit "a 'separate but equal' regime that would allow law firms to refuse women admission into partnership, restaurants to deny service to Black Americans, or businesses seeking employees to post something like a 'White Applicants Only' sign." *Id*. at 2319. Without such a holding, and by adopting Defendants' position, Title VII's protections would cease to exist.

Title VII does not compel Defendants to express any message or to admit anyone as members of their church. Nor does it require Defendants to alter their message with respect to marriage. As such, Defendants' reliance on *Boy Scouts of America v. Dale* and *Hurley v. Irish-*

*American Gay, Lesbian and Bisexual Grp. Of Boston, Inc.* is misplaced.  Mr. Ference was simply Defendants' secular employee.  In *303 Creative*, the Supreme Court did not expand *Dale* and *Hurley* to eviscerate the protections provided to employees under Title VII.  143 S. Ct. at 2319.  According to *Hishon v. King & Spalding*, which remains controlling precedent following *303 Creative*, the application of Title VII's protections to the employer-employee relationship is not an unconstitutional regulation of expressive association.  467 U.S. 69, 78 (1984).

### IV. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss should be denied in its entirety.

Respectfully Submitted,

/s/ *Nicholas W. Kennedy*
Nicholas W. Kennedy
PA ID No. 317386
Quatrini Law Group
550 East Pittsburgh Street
Greensburg, PA 15601
Phone: 724-837-0080
Fax: 724-837-1348