IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH FERENCE,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>ROMAN CATHOLIC DIOCESE OF GREENSBURG and AQUINAS ACADEMY,<br><br>　　　　　Defendants. | ELECTRONICALLY FILED<br><br>No. 2:22-cv-00797-NR-MPK<br><br>District Judge J. Nicholas Ranjan<br>Magistrate Judge Maureen P. Kelly<br><br>JURY TRIAL DEMANDED |

**Reply Brief Further Supporting Defendants' Rule 12(b)(6) Motion to Dismiss First Amended Complaint**

**I.　Introduction**

Plaintiff Kenneth Ference ("Mr. Ference"), in opposing the Roman Catholic Diocese of Greensburg's ("Diocese") and Aquinas Academy's ("Aquinas") motion to dismiss, asserts broadly that First Amendment defenses do not apply in the employment context by stitching together snippets of inapplicable dicta found in 303 Creative LLC v. Elenis. (ECF No. 48 pp. 2–3.)  Additionally, Mr. Ference hyperbolically equates Defendants' decision to terminate his employment for marrying a man in violation of their organizations' religious messages to the "separate but equal" regime established by the former Jim Crow South.  (Id.)  Mr. Ference then concludes by misstating the breadth of the Supreme Court's holding in Hishon v. King & Spalding without explaining why that case applies here.

Congress passed Title VII many decades ago.  Title VII, as a law made by Congress, is indisputably subject to the First Amendment of the United States Constitution.  That Amendment's plain language pertinently states that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or

abridging the freedom of speech . . . ." U.S. CONST. amend. I.  Mr. Ference, in bringing a Title VII claim against Defendants, must do so on grounds that comport with the First Amendment.  Enforcing Title VII's prohibition of unlawful sex discrimination against Defendants violates Defendants' First Amendment right of expressive association.

The Court, therefore, must dismiss this action with prejudice.

## II. Reply Argument

The Supreme Court's recent decision in 303 Creative LLC v. Elenis does not support Mr. Ference's contention that "First Amendment defenses" do not "apply in the employment context." 143 S. Ct. 2298 (2023); (ECF No. 48 p. 3.)  Mr. Ference reaches this conclusion by quoting the following portion of Justice Gorsuch's majority opinion in 303 Creative:

> [t]he dissent even suggests that our decision today is akin to endorsing a 'separate but equal' regime that would allow law firms to refuse women admission into partnership, restaurants to deny service to Black Americans, or businesses seeking employees to post something like a 'White Applicants Only' sign . . . [p]ure fiction all.

143 S. Ct. at 2319.  This statement merely rebuts Justice Sotomayor's dissenting opinion. Id. at 2319, 2322–2343.  Nowhere in 303 Creative does the Supreme Court reject, without exception, the application of "First Amendment defenses . . . in the employment context." (ECF No. 48 p. 3.)  303 Creative instead acknowledges that "determining what qualifies as expressive activity protected by the First Amendment can sometimes raise difficult questions." 143 S. Ct. at 2319.

303 Creative reiterates a longstanding principle: "the First Amendment protects acts of expressive association." 143 S. Ct. at 2312.  That includes the Boy Scouts' decision to exclude an assistant scoutmaster after learning he was gay.  Id. at 2311 (citing

Boy Scouts of America v. Dale, 530 U.S. 640, 644–45, 656 (2000)). Forcing the Boy Scouts to include this gay assistant scoutmaster would have "interfere[d] with [its] choice not to propound a point of view contrary to its beliefs." Dale, 530 U.S. at 654.

Mr. Ference's position, if adopted by this Court, would force "a male website designer married to another man to design websites for an organization that advocates against same-sex marriage." 303 Creative, 143 S. Ct. at 2314 (internal citation omitted). It would also require an anti-Ten Commandments-monument advocacy organization to hire an Evangelical Christian applicant for an open litigation support position or be sued for Title VII religious discrimination. This is despite that Christian applicant's open and public disagreement with the organization's message that Ten Commandments monuments must be purged from all government property. "[T]he First Amendment tolerates none of that." 303 Creative, 143 S. Ct. at 2314. Title VII is not "immune from the demands of the Constitution." Id. at 2315.

The Supreme Court's First Amendment precedent allows a private business to reject making websites conveying a message regarding gay marriage that the business opposes. 303 Creative, 143 S. Ct. at 2313–14. This is because "the First Amendment's protections belong" to "all persons engaged in expressive conduct . . . ." Id. at 2317, 2320. That same binding precedent allows the Diocese and Aquinas to refuse to employ Mr. Ference as a teacher because his decision to marry a man contravenes the Diocese's and Aquinas's First Amendment-protected religious message on marriage being only a union between man and woman. (ECF Nos. 46-1, 46-2, 46-3, 46-4.) That is "nothing like . . . an incidental burden on speech" because the message at issue touches on questions "of political and religious significance." Id. at 2318.

The bulk of Mr. Ference's argument is a false equivalency. He equates the Diocese's and Aquinas's decision to terminate him for marrying a man and contravening the religious message those organizations communicate (ECF Nos. 46-1, 46-2, 46-3, 46-4) with a commercial, for-profit law firm excluding women from partnership and non-religious businesses refusing to serve or hire nonwhite individuals. (ECF No. 48 pp. 3, 4.) The specific circumstance of Mr. Ference's marriage to a man openly contradicting the Diocese's and Aquinas's message on a core doctrinal matter differs greatly from the general proposition of a law firm unequivocally rejecting women for partnership or mercantile businesses blanketly refusing to serve or hire nonwhite people.

Mr. Ference also misrepresents the breadth of the Supreme Court's holding in <u>Hishon v. King & Spalding</u>. 467 U.S. 69, 78 (1984); (ECF No. 48 p. 3.) The <u>Hishon</u> court did not categorically pronounce that "the application of Title VII's protections to the employer-employee relationship is not an unconstitutional regulation of expressive association." (ECF No. 48 p. 3.) Instead, the <u>Hishon</u> court looked to King & Spalding's interest in distinctly contributing to society's ideas and beliefs and concluded that King & Spalding "has not shown how its ability to fulfill such a function would be inhibited by" considering a woman for partnership. 467 U.S. at 78. <u>Hishon</u> shows that courts tailor the free "expression or association" analysis to what the employer does and whether applying Title VII would interfere with that function. <u>Id.</u>

### III. <u>Conclusion</u>

There is no dispute that Mr. Ference's open and public same-sex marriage does not comport with the Diocese's and Aquinas's doctrinal views on marriage. (ECF Nos. 46-1, 46-2, 46-3, 46-4.) Continuing to employ Mr. Ference after learning he married a man would distort the Diocese's and Aquinas's message, communicated to their students

through Aquinas, that marriage is only between a man and a woman. Mr. Ference nevertheless seeks to use Title VII and the Pennsylvania Human Relations Act ("PHRA") to obtain—by means of the coercive force of government—money damages. But the First Amendment prevails when it collides with the application of Title VII and the PHRA, just as it does when it collides with a state's public accommodations law. 303 Creative, 143 S. Ct. at 2315.

The Court should grant with prejudice the Diocese's and Aquinas's motion to dismiss.

| | |
|---|---|
| **MEYER, DARRAGH, BUCKLER,** **BEBENEK & ECK, P.L.L.C.** | **BALL, MURREN & CONNELL, LLC** |
| /s/ Bernard P. Matthews, Jr., Esq. | /s/ Philip J. Murren, Esq. |
| **BERNARD P. MATTHEWS, JR., ESQ.** | **PHILIP J. MURREN, ESQ.** |
| PA. I.D. #54880 | PA. I.D. #21426 |
| bmatthews@mdbbe.com | bmc-law2@msn.com |
| **ALEXANDER W. BROWN, ESQ.** | **KATHERINE M. FITZ-PATRICK, ESQ.** |
| PA. I.D. #322661 | PA. I.D. #208863 |
| abrown@mdbbe.com | fitz-patrick@bmc-law.net |
| 40 North Pennsylvania Ave., Suite 410 | **DAVID R. DYE, ESQ.** |
| Greensburg, PA 15601 | PA. I.D. 88665 |
| Telephone No.: (724) 836-4840 | dye@bmc-law.net |
| Fax No.: (724) 836-0532 | 2303 Market Street |
| *(Attorneys for Defendants)* | Camp Hill, PA 17011 |
| | Telephone No.: (717) 232-8731 |
| | Fax No.: (717) 232-2142 |
| | *(Attorneys for Defendants)* |