IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH FERENCE, | )<br>)<br>) |
| Plaintiff, | ) 2:22-cv-797-NR-MPK<br>) |
| v. | )<br>) |
| ROMAN CATHOLIC DIOCESE OF GREENSBURG and AQUINAS ACADEMY, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

### ORDER ADOPTING MEMORANDUM ORDER (ECF 35)

Before the Court is the Magistrate Judge's Memorandum Order (ECF 35), denying the Motion to Bifurcate or Limit Discovery filed by Defendants Roman Catholic Diocese of Greensburg and Aquinas Academy (ECF 30). Defendants filed objections to the memorandum order, arguing that the Magistrate Judge erred by refusing to limit discovery in this case to the factual development of Defendants' affirmative defenses under religious exemptions to Title VII and the First Amendment. ECF 39.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must now conduct a *de novo* review of the memorandum order. Following this review, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. *See United States v. Raddatz*, 447 U.S. 667, 676 (1980) ("[I]n providing for a 'de novo determination' … Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." (cleaned up)). The Court may also recommit the matter to the Magistrate Judge with instructions.

After carefully considering the record and upon a *de novo* review of the memorandum order, the Court overrules Defendants' objections, but briefly elaborates on the reasons why bifurcation is unnecessary here.

"The decision to bifurcate, and the manner in which bifurcation should be ordered, is left to the trial court's informed discretion and must be decided on a case-by-case basis." *EQT Prod. Co. v. Terra Servs., LLC*, No. 14-1053, 2014 WL 12838677, at *1 (W.D. Pa. Oct. 22, 2014) (Fischer, J.) (cleaned up). But bifurcation "remains the exception rather than the rule." *Innovative Off. Prods., Inc. v. Spaceco, Inc.*, No. 05-4037, 2006 WL 1340865, at *1 (E.D. Pa. May 15, 2006). And it is the moving party that "bears the burden of demonstrating that bifurcation would serve judicial economy, avoid inconvenience, and not prejudice any of the parties." *Cephalon v. Sun Pharm., Ltd.*, No. 11-5474, 2013 WL 3417416, at *3 (D.N.J. July 8, 2013) (cleaned up).

Relevant factors to the determination of whether bifurcation is appropriate include: "(1) whether the issues are significantly different from each other; (2) whether they require separate witnesses and documents; (3) whether the non-moving party would be prejudiced by bifurcation; and (4) whether the non-moving party would be prejudiced if bifurcation is not granted." *Cracker v. State Farm Mut. Auto. Ins. Co.*, No. 11-225, 2012 WL 3204214, at *1 (W.D. Pa. Aug. 3, 2012) (Lancaster, J.) (citation omitted). Defendants' objections to the memorandum order focus on the fourth factor—that is, their belief that they "would be prejudiced if discovery is not bifurcated or limited because they would be forced to endure intrusive, wide-ranging, and high-cost probes into doctrine-related personnel decisions and application of church doctrine to various employment issues." ECF 39, p. 8. The Court doesn't see it that way.

As an initial matter, Mr. Ference hasn't even served any discovery requests yet, so this entire exercise is based on speculation regarding his areas of inquiry. ECF

43, p. 5 ("Mr. Ference has not served any discovery requests in this matter."). But as the Court already explained to the parties, it believes discovery into the "religious organization" factors outlined by the Third Circuit are certainly fair game. ECF 24, pp. 4-5. That's because the Court can't decide, as a matter of law, whether to apply the religious exemptions to Title VII until there is an adequate record establishing that Aquinas Academy's "purpose and character are primarily religious by weighing all significant religious and secular characteristics." *Id.* at p. 4 (cleaned up).

Similarly, by extension, any discovery related to Defendants' argument that the "church autonomy doctrine" bars Mr. Ference's Title VII claim is permissible. *Id.* at p. 5. If Defendants want to invoke a defense that their personnel decision related to Mr. Ference was "rooted in a religious belief," Mr. Ference has a right to know, at a minimum, what that religious belief is.[1]

Based on the parties' filings, it also appears that Defendants' concerns about what they see as unnecessary "comparator-employee discovery" may be unfounded. It does not appear that Mr. Ference is going on a "fishing expedition" into a "perceived inconsistency or lack of good faith application of religious doctrine," as Defendants speculate. Indeed, the Court does not see the point of this specific type of comparator evidence, since Defendants have already repeatedly admitted that they terminated Mr. Ference for sex-based reasons. But that doesn't mean Mr. Ference can't probe the nature and terms of *his* employment at the school, and, more generally,

---

[1] Defendants' objection to the Court's footnote 1 in its order denying the motion to dismiss (ECF 24) only drives this point home. Defendants complain that the Court's reference to statements made by Pope Francis regarding welcoming LGBTQ+ people into the church "wholly misunderstand[s] the teachings of the Catholic faith[.]" ECF 44, p. 8. That may be the case, but only illustrates why it's essential for Defendants to make a record of their religious beliefs. This doesn't mean that there should be discovery into the genuineness of those beliefs; but the Court needs a record as to Defendants' beliefs and how they were implemented in the termination decision.

Defendants' use of "secular" teachers at the school, and those teachers' roles and responsibilities.

That said, the Court makes these observations only as a guide—the specific contours of discovery are for the Magistrate Judge to decide, after the parties have served their discovery requests and articulated any specific objections to those requests. At that point, the Magistrate Judge will be equipped with all the necessary information to shape the discovery process in this case.

As for Defendants' remaining objections, the Court agrees that, at this point, the other factors weigh against bifurcation for the reasons discussed in the memorandum order (ECF 35) and in Mr. Ference's response to Defendants' objections (ECF 43). That is, there is substantial overlap in the key issues such that the same witnesses and documents will be relevant (*see* ECF 43, Exs. A & B), and Mr. Ference would be prejudiced in the form of delay and additional costs if forced to litigate multiple phases. The Court further finds that Defendants' loosely defined bifurcation would likely "result in a flurry of potentially expensive and thorny discovery disputes[.]" *Starkey v. Roman Cath. Archdiocese of Indianapolis, Inc.*, No. 19-3153, 2019 WL 7019362, at *4 (S.D. Ind. Dec. 20, 2019).[2]

Defendants' argument that "district courts within the Third Circuit regularly bifurcate or limit discovery when First Amendment religious interest and federal anti-discrimination statutes conflict" doesn't change the outcome. ECF 39, pp. 6-7. Several of those cases are factually distinguishable. And "[t]he fact that [Defendants] can cite to cases granting bifurcation is not surprising" given that the "fact-intensive analysis" is "left to the sound discretion of the court." *D'Arrigo v. Gloucester City*, No. 04-5967, 2007 WL 4440222, at *3 (D.N.J. Dec. 17, 2007). Given that framework,

---

[2] Indeed, in some cases where this Court has ordered bifurcated discovery, the parties have jointly returned to ask that discovery be "un-bifurcated" due to disputes and inefficiencies.

"different courts are bound to rule that bifurcation is appropriate" based on the specific facts presented to them. *Id.* The facts here do not warrant bifurcation.

* * *

**AND NOW**, this **1st day of September, 2023**, the Court overrules Defendants' objections (ECF 39), and adopts the memorandum order (ECF 35) consistent with the added explanation outlined above. Defendants' motion to bifurcate or limit discovery (ECF 30) is **DENIED**.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge