IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH FERENCE, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 22-797 |
| | ) District Judge J. Nicholas Ranjan |
| v. | ) Magistrate Judge Maureen P. Kelly |
| | ) |
| ROMAN CATHOLIC DIOCESE | ) Re: ECF No. 45 |
| OF GREENSBURG, and AQUINAS | ) |
| ACADEMY, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

Presently before the Court is a Motion to Dismiss filed on behalf of Defendants Roman Catholic Diocese of Greensburg and Aquinas Academy. ECF No. 45. For the following reasons, it is recommended that the Court deny the Motion to Dismiss.

**II.   REPORT**

Plaintiff Kenneth Ference brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Pennsylvania Human Relations Act, 43 P.S. §§ 955, alleging that he was unlawfully terminated from his position as a secular sixth grade teacher at Aquinas Academy ("Aquinas") after school officials learned that he is married to his same-sex spouse. Aquinas is operated under the direction of Defendant Roman Catholic Diocese of Greensburg ("Diocese"), and Defendants assert that the decision to terminate Mr. Ference is rooted in their religious beliefs.

Plaintiff initiated this action on June 1, 2022, asserting a one-count claim against the Diocese for employment discrimination in violation of his rights under Title VII. The Diocese

filed a Motion to Dismiss Complaint asserting: (1) that Title VII exempts the Diocese from liability for employment decisions based on religion; (2) the church autonomy doctrine bars Plaintiff's claim of sexual orientation discrimination; (3) the ministerial exception to Title VII bars Plaintiff's claim; and (4) the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb-1(a–b), shields the Diocese from Plaintiff's Title VII suit. ECF No. 10. A Report and Recommendation was issued on January 18, 2023, recommending that the Court deny the Motion to Dismiss on all grounds. ECF No. 20. After consideration of Defendants objections, the Court adopted in part the Report and Recommendation and denied the Motion to Dismiss on May 8, 2023. ECF No. 24. An Initial Case Management Conference was held on June 27, 2023, and the Court issued a Case Management Order. ECF No. 34.

Mr. Ference filed his First Amended Complaint on July 11, 2023, to add Aquinas as a defendant and to add a claim for employment discrimination in violation of his rights under the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 955 (Count II). ECF No. 42. Beyond a citation to the PHRA, Count II is a three-paragraph mirror image of Count I (Title VII). Defendants responded with a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 45. Defendants contend that the recent decision by the United States Supreme Court in 303 Creative LLC v. Elenis, 143 S. Ct. 2298 (2023), controls the outcome and requires dismissal of Plaintiff's claims with prejudice. ECF No. 46.

In 303 Creative, the Supreme Court held (on stipulated facts) that the State may not force someone who provides expressive services "to abandon her conscience and speak *its* preferred message instead." Id., 143 U.S. at 2318. Thus, Colorado could not enforce its Anti-Discrimination Act to require a website designer to use her customized and original artwork to convey a message

inconsistent with her belief that marriage should be reserved to unions between one man and one woman.

Defendants argue that 303 Creative confirms that the First Amendment grants them the right to terminate Mr. Ference as a teacher at Aquinas. According to Defendants, Mr. Ference lives his life in violation of Catholic doctrine on marriage and thus "does not model marriage in the manner that Defendants wish to communicate by word and deed to their students." ECF No. 46 Defendants assert that "his presence" hampers their ability to communicate their belief that marriage is the union of man and woman. ECF No. 46 at 1, 9. Thus, under 303 Creative and Boy Scouts of America v. Dale, 530 U.S. 640, 644–45, 656 (2000)), any requirement to retain Mr. Ference as a teacher violates Defendants' First Amendment expressive association rights, which trump any protection he may claim pursuant to Title VII's anti-discrimination provisions. ECF No. 49.

Mr. Ference responds that the decision in 303 Creative is not as broad as Defendants contend. He is employed as a secular teacher and their pronouncements to the contrary, Defendants are not compelled to alter their message or to admit Mr. Ference as a member of the Catholic church. Therefore, Title VII protections against sex discrimination do not constitute an unconstitutional regulation of Defendants' expressive association. ECF No. 48 at 3 (citing Hishon v. King & Spalding, 467 U.S. 69, 78 (1984)).

The parties' arguments aside, Defendants' pending Motion to Dismiss again ignores the procedural posture of the case. As the Court held when it denied Defendants' Motion to Dismiss Mr. Ference's initial Complaint:

> there's nothing in the record regarding the specific doctrines and beliefs at issue and whether the employment decision was rooted in those religious doctrines and beliefs. Mr. Ference certainly doesn't plead any of these necessary facts in his complaint, and the arguments of the Diocese's counsel do not count.

ECF No. 24 at 5. The state of the record has not changed. Thus, it is premature to consider Defendants' arguments related to 303 Creative that necessarily rely on their religious beliefs "and whether that relief belief was the reason that Mr. Ference was terminated." Id. at *n.*1.

For the foregoing reasons, it is respectfully recommended that the Motion to Dismiss, ECF No. 45, be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties may file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may respond to the objections within fourteen days in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Dated: October 11, 2023

cc:    The Honorable J. Nicholas Ranjan
United States District Judge

All counsel of record by Notice of Electronic Filing