IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH FERENCE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ROMAN CATHOLIC DIOCESE OF GREENSBURG and AQUINAS ACADEMY,<br><br>　　　　Defendants. | ELECTRONICALLY FILED<br><br>No. 2:22-cv-00797-NR-MPK<br><br>District Judge J. Nicholas Ranjan<br>Magistrate Judge Maureen P. Kelly<br><br>JURY TRIAL DEMANDED |

**Defendants' Objections to Magistrate Judge's Report and Recommendation to Deny Defendants' Rule 12(b)(6) Motion to Dismiss First Amended Complaint**

**I.     Introduction**

The Roman Catholic Diocese of Greensburg ("Diocese") operates a private Catholic elementary school called Aquinas Academy ("Aquinas" and when referred collectively with Diocese, "Defendants"). Defendants hired Plaintiff Kenneth Ference ("Mr. Ference") to teach elementary school students at Aquinas. Mr. Ference explicitly agreed, in becoming an Aquinas teacher, to abide by Defendants' message that marriage is a union of man and woman only. Defendants terminated Mr. Ference when they learned that he was married to a man. Mr. Ference then sued Defendants for sex discrimination under Title VII and the Pennsylvania Human Relations Act ("PHRA").

Defendants have the First Amendment freedom to teach their pupils that marriage is a sacred union between a man and a woman. Mr. Ference's presence as an Aquinas teacher who chose to marry a man contradicted Defendants' message to their pupils. Defendants, per the Supreme Court's recent decision in 303 Creative LLC v. Elenis and congruent prior decisions, may lawfully remove Mr. Ference as an Aquinas teacher.

143 S. Ct. 2298 (2023). No further development of the record is necessary under 303 Creative.

The Court should sustain Defendants' objections to the Magistrate Judge's Report and Recommendation, grant Defendants' Rule 12(b)(6) motion to dismiss Mr. Ference's lawsuit in its entirety with prejudice, and enter judgment in Defendants' favor and against Mr. Ference.

## II. Objections: the Magistrate Judge Should Have Considered Defendants' Argument to Dismiss Mr. Ference's First Amended Complaint Based on 303 Creative LLC v. Elenis

The Court should sustain Defendants' objection to the Magistrate Judge's Report and Recommendation, which determined that their motion to dismiss Mr. Ference's first amended complaint should be denied. The Magistrate Judge concluded that Defendants' motion to dismiss "ignores the procedural posture of the case . . . ." (ECF No. 51 p. 3.) She reached that conclusion by quoting part of the Court's May 8, 2023 order denying Defendants' motion to dismiss Mr. Ference's original complaint. That excerpt states: "there's nothing in the record regarding the specific doctrines and beliefs at issue and whether the employment decision was rooted in those religious doctrines and beliefs. Mr. Ference certainly doesn't plead any of these necessary facts in his complaint, and the arguments of the Diocese's counsel do not count." (Id. (quoting (ECF No. 24 p. 5)).)

The Magistrate Judge thus found it was "premature to consider Defendants' arguments related to 303 Creative that necessarily rely on their religious beliefs 'and whether th[ose] belief[s] was the reason that Mr. Ference was terminated.'" (ECF No. 51 p. 4 (quoting (ECF No. 24 p. 5 n.1)).) But the excerpt from the Court's May 8, 2023 order merely explained why it could not determine—at the motion to dismiss stage—whether Title VII's religious exemptions applied to the Diocese and Aquinas. (ECF No. 24 pp. 4–

2

5.) The Magistrate Judge erred because the Court does not need further factual development of Title VII's religious exemption to decide Defendants' 303 Creative argument.

Mr. Ference's allegations in his first amended complaint and the documents delineating his employment terms[1] demonstrate that his claims fail as a matter of law under First Amendment principles. Mr. Ference alleged that Defendants terminated him as a teacher "because he is in a same-sex relationship." (ECF No. 42 ¶¶ 6–8, 27–28, 31–32, 35–36.) He completed "several standard employment forms" as part of the hiring process. (Id. ¶¶ 9–13.) One of those forms was a professional services agreement. (ECF No. 46-1.)

In that contract, Mr. Ference "recognize[d] the religious nature of the Catholic school and agree[d]" that the Diocese had the right to dismiss him "for immorality, scandal, or rejection of the official teaching, doctrine[,] or laws of the Roman Catholic Church[.]" (Id. ¶ 1k.) He additionally acknowledged that he could be immediately terminated for violating "the laws of the Church concerning marriage or espousal of beliefs contrary to the Catholic Church teaching and laws in the practice of abortion and homosexuality." (Id. ¶ 1l.) Defendants terminated Mr. Ference because his same-sex marriage "violated the teachings of the Catholic Church [and] his employment contract . . . ." (ECF No. 25 ¶ 25.) Alternatively, the Court may take judicial notice that same-sex marriage violates Catholic teachings. Fed. R. Evid. 201.

Whether Defendants qualify as religious organizations for Title VII purposes is irrelevant to this Court deciding Defendants' 303 Creative argument. In 303 Creative LLC

---

[1] The Court already ruled that the employment documents must be considered at the motion to dismiss stage. (ECF No. 24 p. 2.)

3

v. Elenis, the Supreme Court held that a business owner cannot be compelled to create speech (custom wedding websites promoting same-sex marriages) that she does not believe in, even if she generally offers her commercial services to the public. 143 S. Ct. 2298, 2308, 2311–12, 2314–16, 2320 (2023). The 303 Creative decision aligns with prior Supreme Court precedent permitting institutions to exclude individuals from their events or organizations when those individuals' views did not conform with the institution's views. Hurley v. Irish-American Gay, Lesbian and Bisexual Grp. Of Boston, Inc., 515 U.S. 557, 572–73 (1995); Boy Scouts of America v. Dale, 530 U.S. 640, 654, 656 (2000).

The Supreme Court, in 1995, allowed veterans organizing a parade to exclude a group of gay, lesbian, and bisexual people from the event. Hurley, 515 U.S. at 560–61, 581. In so ruling, the Supreme Court acknowledged that the parade constituted expressive content and that the First Amendment protected the veterans' right to deliver the message that they wanted without their views being diluted "by views they did not share." 303 Creative, 143 S. Ct. at 2311 (citing Hurley, 515 U.S. at 572–73). It was the very presence of a gay, lesbian, and bisexual parade unit within the veterans' parade that the Supreme Court determined would interfere with the veterans' message. Hurley, 515 U.S. at 572–75. Whether the veterans' parade was religious in nature was irrelevant.

The First Amendment's Free Speech Clause protects the "freedom to think as you will and to speak as you think." Dale, 530 U.S. at 660–61 (internal quotation marks omitted). In Dale, the Supreme Court upheld the Boy Scouts's right to exclude an assistant scoutmaster after they learned he was gay. Id. at 661. This is because the Boy Scouts were "an expressive association" shielded by the First Amendment. Id. at 656. Requiring the Boy Scouts to include the gay assistant scoutmaster would "interfere with [its] choice not to propound a point of view contrary to its beliefs." Id. at 656. It was the

4

very presence of a gay assistant scoutmaster that would have caused the Boy Scouts to "propound a point of view contrary to its beliefs." Id. at 654. The Dale court did not make its decision based on religious values.

The "First Amendment protects acts of expressive association." 303 Creative, 143 S. Ct. at 2312. The government cannot "compel a person to speak its own preferred messages," make a silent person speak a message he does not want to speak, or require "an individual to include other ideas with his own speech that he would prefer not to include." Id. If a business owner that generally offers her services to the public may refuse to communicate a message through her creative work that she does not agree with, then Defendants should not be forced to employ (or penalized for not employing) Mr. Ference as a teacher because his same-sex marriage undermines Defendants' message that marriage is a sacred union solely between a man and a woman. (ECF No. 46-1; ECF No. 25 ¶ 25); Fed. R. Evid. 201.

Mr. Ference's first amended complaint, the teacher employment documents Mr. Ference agreed to with Defendants, and Defendants' institutional principles, which this Court can take judicial notice of, demonstrate that entering into a same-sex marriage is inconsistent with Defendants' message on marriage. (ECF Nos. 46-1, 46-2, 46-3, 46-4; ECF No. 42 ¶¶ 13, 27–28, 31–32, 35–36.) Put differently, Mr. Ference does not model marriage in the manner that Defendants wish to communicate by word and deed to their elementary school pupils. (Id.); 303 Creative, 143 S. Ct. at 2298, 2308, 2311–12, 2314–16, 2320. Similar to the expression at issue in 303 Creative, Hurley, and Dale, Mr. Ference's presence as an Aquinas teacher interferes with the Defendants' First Amendment free speech and associational right to express their particular views in the way they wish. 303 Creative, 143 S. Ct. at 2298, 2308, 2311–12, 2314–16, 2320;

5

Hurley, 515 U.S. at 570, 572–75; Dale, 530 U.S. at 644, 648–51, 653–56, 659, 661. First Amendment principles in this context override Title VII's and the PHRA's interest in eliminating sex discrimination, just as the Colorado public accommodations law was required to yield to the First Amendment in 303 Creative. 143 S. Ct. at 2315.

The Court should sustain Defendants' objections to the Magistrate Judge's Report and Recommendation and dismiss Mr. Ference's suit, in its entirety, with prejudice.

### III. Conclusion

Organizations in the United States of America have the First Amendment freedom to determine their own message. Dale, 530 U.S. at 651 ("it is not the role of the courts to reject a group's expressed values because they disagree with those values or find them internally inconsistent."). Defendants' ability to teach their belief that marriage is only between a man and a woman to their young pupils is hampered by the presence of a teacher, Mr. Ference, who married a man. No discovery into whether Defendants are religious organizations under Title VII is necessary for the Court to rule that Mr. Ference's suit fails as a matter of law under the First Amendment.

Mr. Ference may not use federal or Pennsylvania employment discrimination laws as a blunt instrument to punish Defendants for exercising their First Amendment freedoms of speech and association. Conformity is comfort to some. It is heresy to others—Defendants included. The Court should grant with prejudice Defendants' motion to dismiss Mr. Ference's first amended complaint.

Respectfully submitted,

| | |
|---|---|
| **MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, P.L.L.C.** | **BALL, MURREN & CONNELL, LLC** |
| /s/ Bernard P. Matthews, Jr., Esq. | /s/ Philip J. Murren, Esq. |
| **BERNARD P. MATTHEWS, JR., ESQ.** | **PHILIP J. MURREN, ESQ.** |
| PA. I.D. #54880 | PA. I.D. #21426 |
| bmatthews@mdbbe.com | bmc-law2@msn.com |
| **ALEXANDER W. BROWN, ESQ.** | **KATHERINE M. FITZ-PATRICK, ESQ.** |
| PA. I.D. #322661 | PA. I.D. #208863 |
| abrown@mdbbe.com | fitz-patrick@bmc-law.net |
| 40 North Pennsylvania Ave., Suite 410 | **DAVID R. DYE, ESQ.** |
| Greensburg, PA 15601 | PA I.D. 88665 |
| Telephone No.: (724) 836-4840 | dye@bmc-law.net |
| Fax No.: (724) 836-0532 | 2303 Market Street |
| *(Attorneys for Defendants)* | Camp Hill, PA 17011 |
| | Telephone No.: (717) 232-8731 |
| | Fax No.: (717) 232-2142 |
| | *(Attorneys for Defendants)* |