**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

**KENNETH FERENCE,**

Plaintiff,

v.

**ROMAN CATHOLIC DIOCESE OF GREENSBURG and AQUINAS ACADEMY,**

Defendants.

**ELECTRONICALLY FILED**

No. 2:22-cv-00797

District Judge J. Nicholas Ranjan
Judge Maureen P. Kelly

JURY TRIAL DEMANDED

**STIPULATION AND PROTECTIVE ORDER**

Plaintiff, Kenneth Ference, and Defendants, Roman Catholic Diocese of Greensburg and Aquinas Academy, having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

ORDERED that any person subject to this Order — including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order shall adhere to the following terms:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.     The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

    (a)     financial information previously nondisclosed to the public;

    (b)     any information of a medical, personal, or intimate nature regarding any individual; or

    (c)     any other category of information hereinafter given confidential status by the Court.

3.     With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as Confidential either on the record during the deposition or within 5 days of receipt of the transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4. If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential, he may so designate by notifying all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order. In addition, the producing person shall provide each other party with replacement versions of such Discovery Material that bears the "Confidential" designation within two (2) business days of providing such notice.

5. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) the parties to this action and, with respect to Discovery Material designated as Confidential that was produced by a non-party, also to such non-party;

(b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed an acknowledgement in the form included below;

    (e)    any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed an acknowledgment in the form included below;

    (f)    stenographers engaged to transcribe depositions conducted in this action;

    (g)    independent photocopying, graphic production services, or litigation support services employed by the parties or their counsel to assist in this action and computer service personnel performing duties in relation to a computerized litigation system;

    (h)    the Court and its support personnel; and

    (i)    any other person whom the producing person, or other person designating the Discovery Material confidential pursuant to paragraph 8 below, agrees in writing may have access to such Discovery Material.

6. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign an acknowledgment in the form below stating that that person has read this Order and agrees to be bound by its terms.   Said counsel shall retain each signed acknowledgment and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

7. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such

Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. For any document filed under seal, (1) a redacted version of the document shall be filed on the public docket on the same day, and (2) a letter shall be filed on the public docket indicating what has been filed under seal.

8. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

9. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains discretion whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

10. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

11. Pursuant to Rule 502(d) of the Federal Rules of Evidence, in connection with this litigation and despite a producing person having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

12. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

13. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

14. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact of the inadvertent production.

15. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the inadvertently Disclosed Information.

16. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

17. During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO ORDERED.

Dated: _____________

_______________________________________
The Honorable Maureen P. Kelly
Judge, U.S. District Court

Have seen to and agree this 6th day of December 2023,

QUATRINI LAW GROUP

/s/ *Nicholas W. Kennedy*
**Nicholas W. Kennedy, Esquire**
PA I.D. No. 317386
550 East Pittsburgh Street
Greensburg, PA 15601
Phone: (724) 837-0080
Fax: (724) 837-1348
nwk@qrlegal.com
*Counsel for Plaintiff*

BALL, MURREN & CONNELL, LLC

/s/ *Phillip J. Murren*
**Phillip J. Murren, Esquire**
PA I.D. No. 21426
**Katherine M. Fitz-Patrick, Esquire**
PA I.D. No. 208863
**David R. Dye, Esquire**
PA I.D. No. 88665
2303 Market Street
Camp Hill, PA 17011
Phone: (717) 232-8731
Fax: (717) 232-2142
bmc-law2@msn.com
fitz-patrick@bmc-law.net
dye@bmc-law.net
*Counsel for Defendants*

MEYER, DARRAGH, BUCKLER, BEBENEK, & ECK, P.L.L.C.

/s/ *Bernard P. Matthews, Jr.*
**Bernard P. Matthews, Jr., Esquire**
PA I.D. No. 54880
**Alexander W. Brown, Esquire**
PA. I.D. No. 322661
40 North Pennsylvania Avenue, Suite 410
Greensburg, PA 15601
Phone: (724) 836-4840
Fax: (724) 836-0532
bmatthews@mdbbe.com
abrown@mdbbe.com
*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

**KENNETH FERENCE,**

Plaintiff,

v.

**ROMAN CATHOLIC DIOCESE OF GREENSBURG and AQUINAS ACADEMY,**

Defendants.

**ELECTRONICALLY FILED**

No. 2:22-cv-00797

Judge J. Nicholas Ranjan
Judge Maureen P. Kelly

JURY TRIAL DEMANDED

**ACKNOWLEDGMENT OF RECEIPT OF PROTECTIVE ORDER**

I, ________________________________, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Western District of Pennsylvania for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: __________________ ________________________________