**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KENNETH FERENCE,<br><br>Plaintiff,<br><br>v.<br><br>ROMAN CATHOLIC DIOCESE OF GREENSBURG and AQUINAS ACADEMY,<br><br>Defendants. | **ELECTRONICALLY FILED**<br><br>No. 2:22-cv-00797-NR-MPK<br><br>District Judge J. Nicholas Ranjan<br>Magistrate Judge Maureen P. Kelly<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

The Roman Catholic Diocese of Greensburg ("Diocese") and Aquinas Academy ("Aquinas," and when referred to collectively with Diocese, "Defendants") through their counsel, Bernard P. Matthews, Jr., Esquire, and Alexander W. Brown, Esquire, of Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. and Philip J. Murren, Esquire, David R. Dye, Esquire, and Katherine M. Fitz-Patrick, Esquire, of Ball, Murren & Connell, LLC, move for summary judgment.

1. Plaintiff Kenneth Ference ("Mr. Ference") filed a two-count first amended complaint against Defendants.

2. Mr. Ference claims that Defendants violated Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act ("PHRA") by terminating him from his employment as a schoolteacher at Aquinas, a private Catholic school administrated by Diocese, on the basis of sex because he is married to a man.

3. The Court should grant summary judgment to Defendants and dismiss all of Mr. Ference's claims with prejudice because the record demonstrates no genuine issues of material fact for trial and no lawful basis for Mr. Ference to state cognizable sex discrimination claims against Defendants.

4. Summary judgment should be entered for Defendants and against Mr. Ference on the following grounds.

5. First, Title VII's text exempts religious Defendants from being liable for terminating Mr. Ference as Mr. Ference's conduct—entering into a same-sex marriage—violates the sincerely held Catholic religious principles of Defendants that Mr. Ference agreed to uphold, which only recognize marriage as a union between a man and a woman.

6. Title VII's religious exemptions apply to Mr. Ference's claim of sex discrimination because Title VII broadly defines religion as "all aspects of religious observance and practice, as well as belief," and entering into a same-sex marriage demonstrates Mr. Ference's inability to conform to or follow Catholic religious principles. 42 U.S.C. § 2000e(j).

7. Second, Defendants' First Amendment right of expressive association includes their right to not be involuntarily associated by means of governmental coercion with individuals like Mr. Ference, whose views on marriage—and his conduct expressing those views—contradict those held by Defendants.

8. Mr. Ference's presence at Aquinas as a teacher in a same-sex marriage diluted Defendants' ability to inculcate their views on marriage to Aquinas's students.

9. Defendants' termination of Mr. Ference was lawful under the First Amendment, notwithstanding any provisions or interpretations of Title VII and the PHRA.

10. Third, the church autonomy doctrine, which springs from the Religion Clauses of the First Amendment to the United States Constitution, overrides Title VII's and the PHRA's prohibition of sex discrimination in the context of Defendants' terminating Mr. Ference. This is because Mr. Ference violated Church doctrine on marriage despite acknowledging that he had an obligation as a Catholic school teacher to abide by that doctrine.

11. Fourth and finally, the ministerial exception applies to Mr. Ference and precludes him from stating legally cognizable sex discrimination claims against Defendants. The legal standards for adjudicating claims under Title VII and the PHRA are the same. Jones v. Sch. Dist. of Phila., 198 F.3d 403, 409 (3d Cir. 1999). Moreover, the PHRA expressly permits the Defendants "to hire or employ on the basis of sex in those certain instances where sex is a bona fide occupational qualification because of the religious beliefs, practices, or observances of the corporation, or association." 43 P.S. § 955(a).

12. The Court should enter summary judgment against Mr. Ference on his Title VII and PHRA claims.

13. Defendants' contemporaneously filed brief supporting this motion is hereby incorporated as if fully stated herein.

14. Defendants' contemporaneously filed concise statement of undisputed material facts is hereby incorporated as if fully stated herein.

15. Defendants' contemporaneously filed appendix of exhibits and those exhibits themselves are hereby incorporated as if fully stated herein.

16. Certificates of service with this motion, Defendants' brief in support, Defendants' concise statement of undisputed material facts, and Defendants' appendix of exhibits are hereby incorporated as if fully stated herein.

17. A contemporaneously filed proposed order is hereby incorporated as if fully stated herein.

18. The Parties' joint statement of undisputed material facts is hereby incorporated as if fully stated herein.

19. The Parties' joint appendix of exhibits, including joint exhibit E at ECF No. 73, is hereby incorporated as if fully stated herein.

Respectfully submitted,

**MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, P.L.L.C.**

/s/ Bernard P. Matthews, Jr., Esq.
**BERNARD P. MATTHEWS, JR., ESQ.**
PA. I.D. #54880
bmatthews@mdbbe.com
**ALEXANDER W. BROWN, ESQ.**
PA. I.D. #322661
abrown@mdbbe.com
40 North Pennsylvania Ave., Suite 410
Greensburg, PA 15601
Telephone No.: (724) 836-4840
Fax No.: (724) 836-0532
*(Attorneys for Defendants)*

**BALL, MURREN & CONNELL, LLC**

/s/ Philip J. Murren, Esq.
**PHILIP J. MURREN, ESQ.**
PA. I.D. #21426
bmc-law2@msn.com
**KATHERINE M. FITZ-PATRICK, ESQ.**
PA. I.D. #208863
fitz-patrick@bmc-law.net
**DAVID R. DYE, ESQ.**
PA. I.D. #88665
dye@bmc-law.net
2303 Market Street
Camp Hill, PA 17011
Telephone No.: (717) 232-8731
Fax No.: (717) 232-2142
*(Attorneys for Defendants)*