**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KENNETH FERENCE,<br><br>Plaintiff,<br><br>vs.<br><br>ROMAN CATHOLIC DIOCESE OF GREENSBURG and AQUINAS ACADEMY,<br><br>Defendants. | **ELECTRONICALLY FILED**<br><br>No. 2:22-cv-00797-NR-MPK<br><br>District Judge J. Nicholas Ranjan<br>Magistrate Judge Maureen P. Kelly<br><br>**JURY TRIAL DEMANDED** |

# REPLY BRIEF FURTHER SUPPORTING SUMMARY JUDGMENT MOTION

Plaintiff Kenneth Ference's ("Mr. Ference") Title VII and PHRA sex discrimination claims against Defendants Roman Catholic Diocese of Greensburg ("Diocese") and Aquinas Academy ("Aquinas") legally fail. Summary judgment should be granted for Diocese and Aquinas.

## I. Title VII's Religious Exemptions Bar Mr. Ference's Claims

Mr. Ference does not contest that Diocese and Aquinas are religious organizations for Title VII purposes. (ECF No. 81 ¶¶ 3–13, 17–25, 41–42, 48; ECF No. 83 p. 9); LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 226 (3d Cir. 2007); Garcia v. Salvation Army, 918 F.3d 997, 1003 (9th Cir. 2019). The scope of Title VII's religious exemptions still needs to be decided. The Court previously found it was "premature to decide the applicability of these exemptions" when ruling on a motion to dismiss. (ECF No. 24 p. 3.)

Next, Mr. Ference continues to argue that he was terminated due to his sex, rather than for religious reasons, as if his sex had no religious significance. (ECF No. 83 pp. 9–12.) But even if "adherence to Roman Catholic doctrine produces a form of sex discrimination," that "does not make the action less religiously based." Starkey v. Roman Catholic Archdiocese of Indianapolis, Inc., 41 F.4th 931, 947 (7th Cir. 2022) (Easterbrook, J., concurring). Mr. Ference does not dispute

the Catholic Church's sincerely held belief that marriage is only between a man and woman. (ECF No. 81 ¶ 48.) Mr. Ference's marriage to a man contradicted Catholic doctrine, which created a religious basis to terminate him. See Little v. Wuerl, 929 F.2d 944, 951 (3d Cir. 1991) (a religious organization may maintain a community "composed solely of individuals faithful to [its] doctrinal practices"). The Third Circuit has already held that sex discrimination claims can "jeopardize[]" a religious organization's ability to maintain a community of faithful adherents. Curay-Cramer v. Ursuline Academy of Wilmington, Del., 450 F.3d 130, 137–41 (3d Cir. 2006).

Title VII defines "religion" to include not just religious "belief" but "all aspects of religious observance and practice." 42 U.S.C. § 2000e(j); see also 42 U.S.C. § 2000e-2(e). The religious exemption states that "[t]his subchapter"—i.e., all of Title VII—"shall not apply" when the religious exemption's requirements are met. 42 U.S.C. § 2000e-1(a). Title VII's plain text demonstrates that there is more to religion than mere affiliation with a denomination.

Diocese and Aquinas, rather than ignoring Petruska v. Gannon Univ. 462 F.3d 294 (3d Cir. 2006), have already distinguished it. (ECF No. 83 pp. 9–10; ECF No. 21 pp. 7–8.) The portion of Petruska that Mr. Ference cites merely reiterates that Title VII applies to religious organizations when Title VII's exemption's terms are not met. 462 F.3d at 303. Notably, Petruska rejected a plaintiff's Title VII sex discrimination claim because, had it gone to trial, a fact finder would have had to decide whether Gannon University's decision to restructure was based on religious reasons or as cover for sex discrimination. 462 F.3d at 307–08. Diocese and Aquinas incorporate their Title VII arguments from their February 1, 2023 objections. (ECF No. 21 pp. 1–2, 4–8.) The Court should grant Diocese's and Aquinas's summary judgment motion.

## II. Mr. Ference's Claims Fail Under the Church Autonomy Doctrine

The Court should enter summary judgment in Diocese's and Aquinas's favor based on the church autonomy doctrine. Mr. Ference incorrectly contends that the ministerial exception is the

only way Diocese and Aquinas can raise "church autonomy concerns." (ECF No. 83 p. 14.) The church autonomy doctrine is broader and has existed longer than the ministerial exception. Our Lady of Guadalupe Sch. v. Morrissey-Berru, 140 S. Ct. 2049, 2060–61, 2066 (2020); Watson v. Jones, 80 U.S. 679, 729, 733–34 (1872); Kedroff v. Saint Nicholas Cathedral of Russian Orthodox Church in N. Am., 344 U.S. 94, 116 (1952); Serbian Eastern Orthodox Diocese v. Milivojevich, 426 U.S. 696, 709 (1976); Petruska, 462 F.3d at 306; Curay-Cramer, 450 F.3d at 137–40, 142; Bryce v. Episcopal Church in Diocese of Colorado, 289 F.3d 648, 657–58, 658 n.2 (10th Cir. 2002); Butler v. St. Stanislaus Kostka Catholic Acad., 609 F. Supp. 3d 184, 191, 197–204 (E.D.N.Y. 2022).

Mr. Ference's claims, if they advanced to trial, would require a factfinder to decide if he was terminated due to sex or conformance to religious doctrine—a constitutionally impermissible inquiry. NLRB v. Catholic Bishop of Chicago, 440 U.S. 490, 502 (1979); Butler, 609 F. Supp. 3d at 200–04. The church autonomy doctrine also prevents the Court or a factfinder from determining the bounds of "religion" within Aquinas and assessing whether Mr. Ference established or was within an alleged "secular" enclave within a parochial school that Diocese supports. Aquinas and Diocese further incorporate their religious autonomy arguments from their February 1, 2023 objections. (ECF No. 21 pp. 11–13.) The Court should enter summary judgment.

**C. The First Amendment Right of Expressive Association Defeats Mr. Ference's Claims**

Mr. Ference's citation to inapposite case law does not overcome Diocese's and Aquinas's First Amendment expressive association rights. Hishon v. King & Spalding, 467 U.S. 69, 78 (1984), Pittsburgh Press Co. v. Pittsburgh Comm'n on Human Relations, 413 U.S. 376, 388 (1973), and Wisconsin v. Mitchell, 508 U.S. 476, 487 (1993) do not implicate the First Amendment rights of religious organizations. (ECF No. 83 pp. 15–16.) Nor do they require religious organizations to associate with individuals that contradict their religious principles. (Id.)

That the parties in 303 Creative LLC v. Elenis "stipulated that the speech at issue constitutes pure speech" does not distinguish that precedential decision. (ECF No. 83 p. 15.) Particularly since the undisputed record here shows that Mr. Ference's same-sex marriage contravenes Catholic doctrine, which Mr. Ference agreed to uphold. (ECF No. 81 ¶¶ 3–13, 17–25, 41–42, 48.) If a veterans' parade and the Boy Scouts have the First Amendment right to exclude individuals whose conduct does not comport with their beliefs, then the Diocese and Aquinas may lawfully disassociate from a teacher whose conduct contradicts their religious beliefs. Hurley v. Irish-American Gay, Lesbian and Bisexual Grp. Of Boston, Inc., 515 U.S. 557, 572–73 (1995); Boy Scouts of America v. Dale, 530 U.S. 640, 654, 656 (2000). Mr. Ference cites no precedential case law indicating that the First Amendment's protection of expressive association and religious freedom—for religious organizations—yields to Title VII's prohibition of sex discrimination. The Court should enter summary judgment against Mr. Ference.

**D. Aquinas and Diocese Employed Mr. Ference in a Ministerial Position**

Mr. Ference unsuccessfully attacks the religious significance of his prior teaching position. Yet he does not dispute that the "Roman Catholic Church believes that its schools are the principal means of transmitting its faith" to new generations. (ECF No. 81 ¶ 1.) He also does not deny Aquinas's role in the Catholic Church's faith formation process and the religious instruction it provides to students, such as giving "primacy to God" and developing "ways of behavior that give witness to those beliefs." (ECF No. 81 ¶¶ 11–13, 17.)

Importantly, Mr. Ference received and agreed to a teacher's contract plus code of pastoral conduct, which required him to follow the laws, doctrines, and teachings of the Catholic Church. (ECF No. 81 ¶¶ 19–21.) He agreed that he could be terminated "for immorality, scandal, or rejection" of Catholic teaching, doctrine, or laws, including "marriage or espousal of beliefs contrary to the Catholic Church teaching and laws in the practice of homosexuality and abortion."

(Id. ¶¶ 22–23, 25.) Mr. Ference further admitted that "[i]t is a genuine held tenet and belief of the Roman Catholic faith that marriage is a conjugal union between a man and a woman . . . ." (Id. ¶ 48.) Mr. Ference agreed in writing to be part of Aquinas's and Diocese's ministry.

All students at Aquinas participate in organized prayer and attend Mass. (Id. ¶ 18.) Mr. Ference attended Mass with his students; he sat in a pew behind them while they prayed and sang, he stood when they stood, and kneeled when they kneeled. (ECF No. 88-1 pp. 76–80.) Mr. Ference agreed that his students began and ended the school day with prayers and was at the front of the classroom "most of the time" when they prayed. (ECF No. 81 ¶¶ 41–42; ECF No. 76-2 pp. 10–16; ECF No. 88-1 p. 80.)

Bell v. Judge Mem'l Catholic High Sch. was an age discrimination case. 2:20-cv-00829, 2023 WL 3585247, at *1, 13–14 (D. Utah May 22, 2023). The record of Mr. Ference's ministerial role is stronger than the record discussed in Bell. Id. at *13–14. Aquinas and Diocese incorporate their prior ministerial exception arguments. (ECF No. 21 pp. 14–15; ECF No. 14 pp. 2–3.)

The Court should grant Diocese's and Aquinas's summary judgment motion.

**MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, P.L.L.C.**

/s/ Bernard P. Matthews, Jr., Esq.
**BERNARD P. MATTHEWS, JR., ESQ.**
PA. I.D. #54880
bmatthews@mdbbe.com
**ALEXANDER W. BROWN, ESQ.**
PA. I.D. #322661
abrown@mdbbe.com
40 North Pennsylvania Ave., Suite 410
Greensburg, PA 15601
Telephone No.: (724) 836-4840
Fax No.: (724) 836-0532
*(Attorneys for Defendants)*

**BALL, MURREN & CONNELL, LLC**

/s/ Philip J. Murren, Esq.
**PHILIP J. MURREN, ESQ.**
PA. I.D. #21426
bmc-law2@msn.com
**KATHERINE M. FITZ-PATRICK, ESQ.**
PA. I.D. #208863
fitz-patrick@bmc-law.net
**DAVID R. DYE, ESQ.**
PA. I.D. #88665
dye@bmc-law.net
2303 Market Street
Camp Hill, PA 17011
Telephone No.: (717) 232-8731
Fax No.: (717) 232-2142
*(Attorneys for Defendants)*