**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KENNETH FERENCE,<br><br>Plaintiff,<br><br>vs.<br><br>ROMAN CATHOLIC DIOCESE OF GREENSBURG and AQUINAS ACADEMY,<br><br>Defendants. | **ELECTRONICALLY FILED**<br><br>No. 2:22-cv-00797-NR-MPK<br><br>District Judge J. Nicholas Ranjan<br>Magistrate Judge Maureen P. Kelly<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' LETTER REGARDING SUPPLEMENTAL AUTHORITY**

Defendants Roman Catholic Diocese of Greensburg ("Diocese") and Aquinas Academy ("Aquinas") write regarding supplemental legal authority bearing upon their Motion for Summary Judgment (ECF No. 74) and Objections to the Magistrate Judge's Report and Recommendations to Deny Summary Judgment (ECF. No. 92).

On January 6, 2026, the Ninth Circuit decided *United Gospel Mission of Yakima, Washington v. Nick Brown, et. al.*, No. 24-7246 (9th Cir. January 5, 2026 (filed as Exh. 1). There, the court affirmed the district court's preliminary injunction prohibiting the enforcement of the Washington Law Against Discrimination ("WLAD") against the Union Gospel Mission of Yakima, Washington ("Union Gospel"), a Christian ministry, for preferring the hiring of co-religionists for non-ministerial roles. Like the Diocese and Aquinas, Union Gospel maintained that its religious purpose infuses all its work. Exh. 1 at 12. It encourages everyone that it helps to "develop a relationship with Jesus Christ"—thus, the Gospel is shared with "everyone at all times." *Id*. To Union Gospel, "spiritual welfare carries more weight than physical assistance." *Id*. Because of its religious purpose, Union Gospel required its employees to agree with and live out its Christian beliefs and practices, including "abstaining from any sexual conduct outside of

biblical marriage between one man and one woman." *Id*. On receiving an offer of employment, applicants for employment must sign and agree to comply with Union Gospel's statement of faith, core values, and job duties and requirements. *Id*. at 12-13.

Union Gospel filed a pre-enforcement action against the Washington State Attorney General and the Washington State Human Rights Commission, alleging violations of the First Amendment and requested an injunction prohibiting defendants from enforcing WLAD against it. It was uncontested that (1) Union Gospel is a religious institution, (2) Union Gospel has a sincerely held religious belief that only co-religionists may advance its religious mission, and (3) Union Gospel's co-religionist hiring policy is based on that religious belief.

The Ninth Circuit panel held that Union Gospel is likely to succeed on the merits of its claim that enforcing WLAD against it for hiring only co-religionists violates the church autonomy doctrine, as established by the First Amendment's Religion Clauses. The court specifically held that the church autonomy doctrine encompasses more than just the ministerial exception and forbids interference with "an internal church decision that affects the faith and mission of the church itself." The Ninth Circuit panel further held that Union Gospel's co-religionist hiring policy constitutes an internal management decision that is essential to the religious institution's central mission. The court stated that, unlike the ministerial exception, the church autonomy doctrine protects Union Gospel's non-ministerial hiring decisions based on religious beliefs. Under the church autonomy doctrine, Union Gospel may decline to hire as non-ministerial employees those who do not share its religious beliefs about marriage and sexuality. The panel limited its decision to religious organizations like Union Gospel and that it did not consider the scope of the doctrine on other types of entities run by religious institutions, such as businesses or hospitals.

*Union Gospel* rests its holding on matters directly relevant to the motion for summary judgment here. The Roman Catholic Church believes that its schools are the principal means for transmitting the Catholic Faith to new generations of Catholics. Catholic schools do not segment their functions into religious and secular components; at all times, the Catholic school is engaged in the process of catechesis and the formation of the Christian personality, a process which is integrated within the curriculum of the Catholic schools. Aquinas's mission is an extension of the Catholic Church's faith formation. (ECF No. 67, ¶ 11.) Aquinas is a Catholic school where parents send their children to learn about the faith, not only in a designated religion class that is part of the curriculum, but in every subject that is taught and every activity that is conducted. (*Id.* at ¶¶ 12–13.) The presence of God is infused into all school subjects. (*Id.* at ¶ 14.) *Union Gospel* specifically held that the church autonomy doctrine encompasses more than just the ministerial exception and forbids interference with "an internal church decision that affects the faith and mission of the church itself."

**MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, P.L.L.C.**

/s/ Bernard P. Matthews, Jr., Esq.
**BERNARD P. MATTHEWS, JR., ESQ.**
PA. I.D. #54880
bmatthews@mdbbe.com
40 North Pennsylvania Ave., Suite 410
Greensburg, PA 15601
Greensburg, PA 15601
Fax No.: (724) 836-0532
*(Attorneys for Defendants)*

**BALL, MURREN & CONNELL, LLC**

/s/ Philip J. Murren, Esq.
**PHILIP J. MURREN, ESQ.**
PA. I.D. #21426
bmc-law2@msn.com
**KATHERINE M. FITZ-PATRICK, ESQ.**
PA. I.D. #208863
fitz-patrick@bmc-law.net
**DAVID R. DYE, ESQ.**
PA. I.D. #88665
dye@bmc-law.net
2303 Market Street
Camp Hill, PA 17011
Telephone No.: (717) 232-8731
Fax No.: (717) 232-2142
*(Attorneys for Defendants)*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of January, 2026, a true and correct copy of the foregoing Letter Regarding Supplemental Authority was submitted to the Clerk of Court for filing and uploading to the CM/ECF system, which will send notification to:


**Nicholas W. Kennedy**
Kennedy Law, LLC
245 Fort Pitt Blvd
Pittsburgh, PA 15222
412-212-6465
Email: nicholas@kennedylawpgh.com
*(Attorneys for Plaintiff)*



**MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, P.L.L.C.**

/s/ Bernard P. Matthews, Jr., Esq.
**BERNARD P. MATTHEWS, JR., ESQ.**
PA. I.D. #54880
bmatthews@mdbbe.com
40 North Pennsylvania Ave., Suite 410
Greensburg, PA 15601
Greensburg, PA 15601
Fax No.: (724) 836-0532
*(Attorneys for Defendants)*

**BALL, MURREN & CONNELL, LLC**

/s/ Philip J. Murren, Esq.
**PHILIP J. MURREN, ESQ.**
PA. I.D. #21426
bmc-law2@msn.com
**KATHERINE M. FITZ-PATRICK, ESQ.**
PA. I.D. #208863
fitz-patrick@bmc-law.net
**DAVID R. DYE, ESQ.**
PA. I.D. #88665
dye@bmc-law.net
2303 Market Street
Camp Hill, PA 17011
Telephone No.: (717) 232-8731
Fax No.: (717) 232-2142
*(Attorneys for Defendants)*