IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH FERENCE,<br><br>Plaintiff,<br><br>v.<br><br>ROMAN CATHOLIC DIOCESE OF GREENSBURG,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 2:22-cv-797-NR-MPK |

**ORDER**

Before the Court is Defendant Aquinas Academy's Motion to Certify Questions for Interlocutory Appeal or, in the Alternative, for Reconsideration. ECF 113. As to reconsideration, the Court finds no error with respect to its prior Opinion, and so denies that aspect of the motion. As to certification, the Court denies the motion without prejudice for the following reasons.

Certification pursuant to Section 1292(b) may be granted only where "(1) the issue involves a controlling question of law; (2) as to which there are substantial grounds for difference of opinion; and (3) an immediate appeal of the order may materially advance the ultimate termination of the litigation." *Walden v. Bank of N.Y. Mellon Corp.*, No. 2:20-cv-1972, 2026 WL 1842623, at *3 (W.D. Pa. June 26, 2026) (Brown, Mag. J.) (quoting *Simon v. United States*, 341 F.3d 193, 199 (3d Cir. 2003)).

Certification is to be granted "sparingly." *Bhattacharya v. Univ. of Pittsburgh of the Commonwealth Sys. of Higher Educ.*, No. 2:24-CV-900, 2026 WL 3082504, at *1 (W.D. Pa. Oct. 15, 2026) (Fischer, J.). Even when the above criteria are met, "permission to appeal is wholly within the discretion of the courts." *L.R. v. Manheim Twp. Sch. Dist.*, 540 F. Supp. 2d 603, 608 (E.D. Pa. 2008) (citation modified). "The

key consideration is whether the order truly implicates the policies favoring interlocutory appeal," including the "strong policy against piecemeal appeals." *Bradburn Parent Teacher Store, Inc. v. 3M*, Civil Action No. 02-7676, 2005 WL 1819969, at *2 (E.D. Pa. Aug. 2, 2005) (citation modified). "Avoiding piecemeal appeals will permit the Court of Appeals to have the entire controversy presented to it at one time, on a full record from which it can make a final determination of the issues in the case." *Piazza v. Major League Baseball*, 836 F. Supp. 269, 272–73 (E.D. Pa. 1993).

Even without proceeding in a detailed manner through each of the Section 1292(b) criteria, it's clear that certification at this juncture is not appropriate. Put simply, deciding the critical constitutional questions in this case "require[s] greater factual development." *Johnson v. Nat'l Collegiate Athletic Ass'n*, 108 F.4th 163, 183 (3d Cir. 2024) (Porter, J., concurring in the judgment) (citation modified) (explaining the policy against certifying fact-intensive questions of law). Even if there are issues that currently meet the Section 1292(b) criteria, certifying those questions right now would provide the Third Circuit with a distorted and incomplete record on which to decide critical issues.

The ministerial exception issue is illustrative. While the ultimate conclusion of whether the exception applies is a legal one, the inquiry is a "fact-intensive analysis" that may fairly be described as a "totality-of-the-circumstances test." *Grussgott v. Milwaukee Jewish Day Sch.*, 882 F.3d 655, 658, 661 (7th Cir. 2018). Unresolved factual disputes regarding the expectations and duties placed on an employee of a religious institution will naturally hinder effective appellate review of that issue, for the same reason the Court could not resolve the issue at summary judgment.

Even if other issues could resolve the case on interlocutory appeal, certifying those questions without the ministerial exception would not be prudent. Any

interlocutory appeal of this case should include the ministerial exception because that defense likely presents the narrowest way to decide the case in Aquinas's favor. *See Billard v. Charlotte Cath. High Sch.*, 101 F.4th 316, 327 (4th Cir. 2024) (noting that the ministerial exception is "narrowly tailored," in contrast to the Title VII religious exemptions, which "would carry wide-ranging and unpredictable consequences" (citation modified)).

That said, while certification is not proper at this juncture, the Court would be willing to revisit certification after this case's relatively few but critical disputed factual questions are resolved. One way to accomplish this would be to bifurcate the case, holding a trial solely on the ministerial exception defense and finding the critical facts with special jury interrogatories (or, as a bench trial, assuming both sides consent).[1] Once those findings are made, the Court can decide the defense, and that would then also be the better point at which to revisit certification, if necessary.

For those reasons, Defendants' Motion to Certify Questions for Interlocutory Appeal or, in the Alternative, for Reconsideration (ECF 113) is **DENIED** without prejudice.

DATED this 9th day of November, 2026.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge

---

[1] Aquinas is concerned that a trial would entail "judicial entanglement in religious issues." *McRaney v. N. Am. Mission Bd.*, 157 F.4th 627, 644 (5th Cir. 2025). But that is not a concern here, given the critical disputed facts do not involve probing into the internal religious affairs of the institution or passing on questions of church doctrine. The (very likely one- or two-day) trial would principally concern the circumstances surrounding Mr. Ference's hiring, such as conversations between the school officials and Mr. Ference as to the school's expectations of Mr. Ference's job.